

August 6, 2025

| | |
|---|---|
| Hon. Colleen McMahon U.S.D.J.<br>United States District Court for the<br>Southern District of New York<br>500 Pearl Street<br>New York, New York 10007 | Hon. Denise Cote, U.S.D.J.<br>United States District Court for the<br>Southern District of New York<br>500 Pearl Street<br>New York, New York 10007 |
| Hon. Paul A. Engelmayer, U.S.D.J.<br>United States District Court for the<br>Southern District of New York<br>500 Pearl Street<br>New York, New York 10007 | Hon. Judge Gregory H. Woods, U.S.D.J.<br>United States District Court for the<br>Southern District of New York<br>500 Pearl Street<br>New York, New York 10007 |

By Electronic Filing in all Cases.

  Re: **Sow v. City of New York, 21-cv-533 (CM)(GWG)**
     **Burns v. City Of New York, 25-CV-1999 (GHW) (RFT)**
     **Olukayode v. City of New York, 25-cv-1232 (PAE)**
     **Friedland v. City of New York, 24-cv-7064 (DLC)**

Your Honors:

  My firm is co-counsel for Plaintiffs in the cases above. The four cases above are cases arising out of the conduct challenged in the initial, proposed class action in *Sow v. City of New York*, 21-cv-533 before Judge McMahon, but whose Plaintiffs were not members of the class Judge McMahon ultimately certified. The Plaintiffs in these cases — *Burns*, *Olukayode*, and *Friedland* (the "*American Pipe* Cases") — are, then, the "unnamed class members" who used the *American Pipe* tolling doctrine "to rely on the pending class action in lieu of filing their own protective lawsuits." *Monroe County Emples.' Retirement Sys. v YPF Sociedad Anonima*, 980 F Supp 2d 487, 491-492 (SDNY 2013).

  The *Sow* class, as certified, covered people arrested at 18 specific locations in the first few days of the 2020 protests. But as proposed, it covered (among other things) people "arrested," merely "detained," "subjected to excessive force," or even (with probable cause) subjected to "unreasonably lengthy" custodial arrest processing pursuant to certain policies, as long as that was "during" the protests between May 2020 and at least January 2021. So, that means that there were many people in the proposed class that did not receive any relief through the certified class settlement in *Sow*.

  The City has now argued that Judge McMahon extinguished all claims by members of the proposed class, without providing them notice or any relief. So, Plaintiffs write now because they believe they are required by the Local Rule 1.6[1] to raise issues that have arisen in the course of litigating

---

[1] The City did not raise its more expansive understanding of the relationship between the *American Pipe* Cases and *Sow* at any point.



the *American Pipe* Cases: Namely, the *American Pipe* cases involve significantly more overlap than the initial relatedness letter suggested. At the core of the City's motions to dismiss all of the *American Pipe* Cases is a question of what Judge McMahon did (or did not) do in *Sow* — and whether her certification order extinguished **all** claims of arrest, force, detention, or arrest processing during the protests, notwithstanding not including those claims in the certified class.

That is, the City argues in all the *American Pipe* Cases that the certification Order in *Sow* **also** dismissed, with prejudice, all claims by members of the *Sow* **proposed** class — not just those of members of the certified class. And that argument was an unanticipated (at least from Plaintiffs' perspective[2]) connection between these cases and *Sow*, and one that neither Plaintiffs nor Defendants in any case identified for the Court when it considered relatedness. Thus, we understand Rule 1.6 imposes a "duty" to file this letter.

## **Brief Discussion.**

At the time plaintiffs in the *American Pipe* Cases filed their complaints and related case statements, they viewed the relationship between the cases as only that "Plaintiffs that were part of an initially alleged class, but who were ultimately excluded from the classes the Court certified." Statement of Relatedness, *Friedland v. City of New York*, 24-cv-7064, ECF No. 3. *Accord also, e.g.,* Statement of Relatedness, *Olukayode v. City of New York*, 25-cv-1232, ECF No. 3 (similar).

However, since those statements, the City has argued that, in certifying the *Sow* Class, Judge McMahon *also* dismissed claims by not just the certified class, but the proposed class, with prejudice -- and intended that dismissal to bind non-parties. *See, e.g., Friedland*, ECF No. 41 at 8-9; *Olukayode*, ECF No. 21 at 10-11 (similar); *but see, e.g., Smith v Bayer Corp.*, 564 US 299, 301 (2011) ("[a]bsent certification of a class under Federal Rule 23, the precondition for binding" any non-class member is "not met.").[3]

Judge McMahon conducted a careful analysis of the *Sow* Settlement before certifying the class. *See, e.g., Sow,* ECF Nos. 200 and 196. Whether the certification *also* extinguished the claims of all proposed — but not certified — class members was not analyzed. But the meaning of Judge McMahon's order certifying the class is now squarely being litigated in all three *American Pipe* Cases. So Plaintiffs raise this in an abundance of caution, because the City's argument that *Sow* directly **bars**

---

[2] Unexpected, because the Supreme Court "could hardly have been more clear that a properly conducted class action, with binding effect on nnparties, can come about in federal courts in just one way--through the procedure set out in Rule 23," and "preclusion" of non-parties' claims "shorn of Rule 23's procedural protections" is impermissible. *Smith v Bayer Corp.*, 564 US 299, 315 (2011), *citing Taylor v Sturgell*, 553 US 880, 900 (2008).

[3] The City argues that the Second Circuit implicitly created an exception to *Smith* that covers this case, even while acknowledging Plaintiff here "unlike those in *Paribas*, are not certified class members." *Friedland*, ECF No. 41 at 8, *citing Paribas v. N.M. State Inv. Council*, 24 Civ. 635, 2025 U.S. App. LEXIS 12181, at *9 (2d Cir. May 20, 2025). How the Second Circuit could re-create exactly the virtual representation *Smtih* firmly ended is, however, unexplained.



Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



the *American Pipe* Cases — rather than just being the source of tolling, with overlapping discovery — differs substantially from the relationship articulated initially.

In other words, the City's arguments in all three *American Pipe* Cases necessarily raise questions of whether Judge McMahon's certification of the Class in *Sow* (1) intended a preclusive effect as to non-Class members, (2) implicitly analyzed whether that was permissible, and (3) potentially, whether the Order certifying the Class comported with due process at all (*see, e.g., Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000) and *Brown v. Ticor Title Ins. Co.*, 982 F.2d 386, 392 (9th Cir. 1992)).

So, as the issues in dispute in these cases have crystalized in motion practice, it has become clear there is a major issue about the reach, meaning, and binding effect of Judge McMahon's certification Order and the related stipulation. Since Judge McMahon may be in the best position to opine on that issue in the first instance — and that fact was not clear from the initial relatedness statement — we wanted to alert Your Honors to this issue.

Perhaps the answer is to revisit relatedness for the *American Pipe* Cases in whole, perhaps the answer is for Judge McMahon to issue an order clarifying her certification of the *Sow* Class, perhaps the answer is for motions to dismiss (but only motions to dismiss) to be handled by Judge McMahon, or perhaps the answer is to leave everything where it lies now. However, Plaintiffs understand they are required to raise this so Your Honors may actually consider and make that decision in an informed fashion.

As always, we thank the Court for its time and consideration.

>                                    Respectfully submitted,
>
>                                    /s/
>                                    _____
>                                    J. Remy Green
>                                        *Honorific/Pronouns: Mx., they/their/them*
>                                    **COHEN&GREEN P.L.L.C.**
>                                    *Attorneys for Plaintiff*
>                                    1639 Centre St., Suite 216
>                                    Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

Page 3 of 3

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com