

| **Muriel Goode-Trufant** | **THE CITY OF NEW YORK** | **Yini Zhang** |
| :--- | :---: | ---: |
| *Corporation Counsel* | **LAW DEPARTMENT** | Senior Counsel |
| | 100 CHURCH STREET | yinzhan@law.nyc.gov |
| | NEW YORK, NEW YORK 10007 | Phone: (212) 356-3541 |

August 19, 2025

**BY ECF**
Honorable Robyn F. Tarnofsky
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

          Re:    <u>Burns, Janet, et al. v. City Of New York, et al.</u>
                  25-CV-1999 (GHW) (RFT)

Your Honor:

        I am a Senior Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, and one of the attorneys assigned to represent defendants City of New York ("the City"), former Mayor Bill De Blasio, former New York City Police Department Commissioner Dermot Shea, and former New York City Police Department Chief of Department Terence Monahan (hereinafter "defendants") in the above referenced matter. In that capacity, defendants write to request a stay of this action in its entirety, including all corresponding deadlines, for the reasons discussed below. This is the defendants' first request for a stay of this matter.

        By way of relevant background, on March 10, 2025, plaintiffs filed the Complaint, ECF No. 1, and an amendment on March 13, 2025, wherein they claim, *inter alia,* that they were falsely arrested between May 28, 2020 and November 5, 2020 in various locations in New York City, ECF No. 11. On April 2, 2025, defendants requested their first extension of time to respond to the First Amended Complaint, as additional time was required to investigate plaintiffs' allegations, ECF No. 16, which the Court granted on April 3, 2025, ECF No. 17. On May 29, 2025, defendants requested an additional extension of time to respond to the First Amended Complaint to July 3, 2025, ECF No. 18, which was also granted, ECF No. 19. Pursuant to Your Honor's Individual Rules, the parties met and conferred on June 30, 2025, regarding defendants' prospective motion to dismiss the First Amended Complaint. Following the discussion, the parties requested until July 23, 2025 for plaintiffs to amend the pleadings and until August 22, 2025 for defendants to respond. <u>See</u> ECF No. 20. The Court granted this request. <u>See</u> ECF No. 21. Plaintiffs filed the Second Amended Complaint on July 23, 2025. <u>See</u> ECF No. 22.

        Following the filing of the Second Amended Complaint, plaintiffs filed a letter on August 6, 2025 to the Court regarding the relatedness of this case and three other cases:

- Adama Sow, et al., v. City of New York, et al., 21-CV-533 (CM)(GWG) (hereinafter "Sow");
- Adewale Olukayode, et al., v. City of New York, et al., 25-CV-1232 (PAE) (hereinafter "Olukayode"); and
- Willow Friedland, et al., v. City of New York, et al., 24-CV-7064 (DLC) (hereinafter "Friedland").

See ECF No. 23. Notably, in this case, Olukayode, and Friedland, plaintiffs claim to be proposed class members in the Sow class action and, as a result, allege that the statute of limitations was tolled pursuant to American Pipe & Construction Co. v. Utah, 414 U.S. 538 (1974).

Defendants intend to move to dismiss the Second Amended Complaint on the grounds that, *inter alia*, plaintiffs were not members of the Sow prospective class and, thus, cannot avail themselves of the American Pipe tolling of the statute of limitations. However, as plaintiffs' August 6th Letter notes, there are overlapping issues in Burns, Olukayode, and Friedland, including whether the claims presented in all three cases relate to the claims from and settlement agreement reached in Sow.

There are currently pending motions to dismiss in Olukayode and Friedland before the Honorable Paul A. Engelmayer and the Honorable Denise L. Cote, respectively. On Olukayode, defendants moved to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on July 25, 2025. See Olukayode, ECF No. 21. Plaintiffs' opposition to defendants' motion is due on September 5, 2025. See Olukayode, ECF No. 24. On Friedland, defendants moved to dismiss the Second Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on May 30, 2025. See Friedland, ECF No. 35. Plaintiffs filed the opposition to defendants' motion on July 10, 2025. See Friedland, ECF No. 39. Defendants filed the reply in further support of defendants' motion to dismiss on August 1, 2025. See Friedland, ECF No. 41.

"Under Fed. R. Civ. P. 26(c), a court may, 'for good cause,' issue an order staying discovery." Espresso LLC v. Lavazza Premium Coffees Corp., No. 22-CV-377 (VSB), 2022 U.S. Dist. LEXIS 92723, at *2-3 (S.D.N.Y. May 19, 2022) (citation omitted). There are several reasons why the pending motions necessitates a stay. First, there are overlapping issues in three separate cases before three separate judges regarding the proposed class definition of the same class action, Sow. Staying this action until the motions have been decided in Olukayode and Friedland may provide the parties with clarity on the overlapping issues and avoid relitigating the same issues repeatedly. See 605 Fifth Prop. Owner, LLC v. Abasic, S.L., No. 21-CV-811 (VSB), 2021 U.S. Dist. LEXIS 123456, at *10 (S.D.N.Y. June 30, 2021) (granting a stay pending an appeal in a related case "to foster judicial economy and to protect the parties from the vexation of concurrent litigation over the same subject matter"). Also of consideration is the parties' obligation "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Additionally, the plaintiffs filed a letter on the purported relatedness of all four cases on August 6, 2025. See ECF No. 23; Sow, ECF No. 216; Olukayode, ECF No. 22; Friedland, ECF No. 42. A stay would permit the courts to consider the issue of relatedness. Whether the cases are

deemed to be related may significantly alter how the parties proceed on this case and the other two active cases.

    Plaintiffs' position is as follows:

    "Plaintiffs in *Burns* do not oppose a stay until the relatedness issue is resolved, and agree with Defendants that significant efficiencies would be achieved if there is a binding decision governing all three cases. And that would counsel staying *Burns*.

    However, Plaintiffs believe a position on a stay beyond resolution of that issue is premature, and want to await the Court's input before addressing any issues that are contingent on resolution of relatedness, in part because if the Court(s) decide not to the issues in all three cases together, any decision in *Olukayode* or *Friedland* would not be binding in *Burns*. Therefore Plaintiffs ask that that Court stay this case until resolution of the relatedness issues, and first the parties to confer and provide positions thereafter."

    Because of the overlapping issues, the pending motions in Olukayode and Friedland, and the question of the relatedness, defendants respectfully request that the Court stay this action until 30 days after the resolution of both the motions in Olukayode and Friedland, or, in the alternative, 30 days after a decision on the relatedness of Burns, Sow, Olukayode, and Friedland.

    Thank you for your consideration herein.

                                          Respectfully submitted,

                                          /s/ *Yini Zhang*
                                          Yini Zhang
                                          Senior Counsel
                                          Special Federal Litigation Division

cc:     Counsels of Record (By ECF)