25 Civ. 01999 (GHW) (RFT)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANET BURNS, EMILY SEIEROE,
RADMILA DJORDJEVIC, IBRAHIMA
MBAYE, HANK LILLEVOY, DAI'JA
SPAULDING, CHRISTOPHER AMPARO,
AMINATA SAM, AND SHAMEELY
AZANEDO,

                                     Plaintiffs,

                   -against-

CITY OF NEW YORK, FORMER
MAYOR BILL DE BLASIO, FORMER
NEW YORK CITY POLICE
DEPARTMENT COMMISSIONER
DERMOT SHEA, and FORMER NEW
YORK CITY POLICE DEPARTMENT
CHIEF OF DEPARTMENT TERENCE
MONAHAN,

                                  Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

**MURIEL GOODE-TRUFANT**
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, 3rd Floor*
*New York, New York 10007*

*Of Counsel:  Zoe Reszytniak/Yini Zhang*
*Tel:  (212) 356-2547/3541*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................ III

PRELIMINARY STATEMENT ........................................................................... 1

RELEVANT FACTS & PROCEDURAL HISTORY ........................................... 2

STANDARD OF REVIEW ................................................................................. 4

ARGUMENT ..................................................................................................... 5

    POINT I ........................................................................................................ 5

        PLAINTIFFS' CLAIMS ARE TIME-BARRED ....................................... 5

    POINT II ....................................................................................................... 6

        PLAINTIFFS' RELIANCE ON AMERICAN PIPE
        TOLLING FAILS ................................................................................... 6

        A.  The Sow Putative Class Definition Excludes Plaintiffs. ................. 8

        B.  Plaintiffs Were Not Members of the Proposed Sow
            Class…........................................................................................... 10

            i.  Plaintiffs Burns and Lillevoy Were Not Arrested.
               .................................................................................. 10

            ii.  Plaintiffs Djordevic and Sam Were Arrested for
                Curfew Violations, at Locations Not Referenced
                in the Sow Pleadings. .................................................... 11

            iii.  Plaintiffs Amparo, Seieroe, Spaulding, Mbaye,
                and Azanedo Were Arrested at Locations Not
                Referenced in the Sow Pleadings. ................................. 12

        C.  Plaintiffs' Argument Requires a Construction of the
            Sow Putative Class That In and Of Itself Forecloses the
            Applicability of American Pipe Tolling. ....................................... 14

    POINT III...................................................................................................... 16

        PLAINTIFFS' CLAIMS AGAINST THE INDIVIDUAL
        DEFENDANTS SHOULD BE DISMISSED ...................................... 16

**Page**

    A.   The Decision and Order Issued in Sow is Instructive to the Dismissal of All But One of Plaintiffs' Claims. ...................................... 16

    B.   Plaintiffs Fail to Allege Personal Involvement. ............................................... 17

    C.   The Official Capacity Claims Are Redundant and Should be Dismissed. ....................................................................................... 18

POINT IV .................................................................................................................... 19

    PLAINTIFFS' MONELL CLAIMS SHOULD BE DISMISSED ......................................................................................................... 19

    A.   Plaintiffs' Monell Claims Fail Because There Are No Surviving Claims Against Any Individual Defendant. ................................. 19

    B.   Plaintiffs' Monell Claims Are Time-Barred. .................................................. 19

    C.   Plaintiffs' Municipal Liability Claims Should be Precluded. ....................................................................................................... 20

CONCLUSION ............................................................................................................ 21

## **TABLE OF AUTHORITIES**

**Cases**                                                                                                           **Pages**

In Re: N.Y.C. Policing During Summer 2020 Demonstrations,
    548 F. Supp. 3d 383 (S.D.N.Y. 2021)...........................................................................10, 12, 20

American Pipe & Construction Co. v. Utah,
    414 U.S. 538 (1974)...................................................1, 6, 7, 8, 11, 13, 14, 15, 16, 17

Ashcroft v. Iqbal,
    556 U.S. 662 (2009).........................................................................................................4, 17

Behrens v. JPMorgan Chase Bank N.A.,
    No. 16 Civ. 5508 (VSB), 2019 WL 1437019,
    2019 U.S. Dist. LEXIS 55952 (S.D.N.Y. Mar. 31, 2019) .......................................7

Bell Atl. Corp. v. Twombly,
    550 U.S. 544 (2007)...........................................................................................................4

Camotex, S.R.L. v. Hunt,
    741 F. Supp. 1086 (S.D.N.Y. 1990)..............................................................................14

Crown, Cork & Seal Co. v. Parker,
    462 U.S. 345 (1983)...........................................................................................6, 7, 14, 15

Daniels v. City of N.Y.,
    18 Civ. 3717 (RA), 2019 WL 1437586,
    2019 U.S. Dist. LEXIS 55746 (S.D.N.Y. Mar. 31, 2019) .......................................19

Davis v. Bethlehem Steel Corp.,
    600 F. Supp. 1312 (D. Md.),
    aff'd, 769 F.2d 210 (4th Cir.),
    cert. denied, 474 U.S. 1021 (1985) ................................................................................14

DeFries v. Union Pac. R.R. Co.,
    104 F.4th 1091 (9th Cir. 2024) .......................................................................................16

Eisen v. Carlisle & Jacquelin,
    417 U.S. 156 (1974).............................................................................................................6

Friedland, et al., v. City of New York, et al.,
    24 Civ. 07064 (DLC) ..........................................................................................................7

Hall v. Hall,
    138 S. Ct. 1118 (2018)......................................................................................................10

**<u>Cases</u>**                                                                                                                    **<u>Pages</u>**

<u>Higginbotham v. Sylvester</u>,
   741 F. App'x 28 (2d Cir. 2018) ............................................................11

<u>Iowa Pub. Emps.' Ret. Sys. v. MF Global, Ltd.</u>,
   620 F.3d 137 (2d Cir. 2010)...................................................................4

<u>Korwek v. Hunt</u>,
   827 F.2d 874 (2d Cir. 1987)...................................................................6

<u>Modos Chofetz Chaim, Inc. v. RBS Citizens, N.A.</u>,
   14 F. Supp. 3d 191 (S.D.N.Y. 2014)......................................................4

<u>Noskov v. Roth</u>,
   No. 19 Civ. 7431 (RA), 2020 WL 4041125,
   2020. U.S. Dist. LEXIS 126411 (S.D.N.Y. July 17, 2020) ....................4

<u>Nwoye v. Obama</u>,
   23-1178-CV, 2024 WL 911753,
   2024 U.S. App. LEXIS 5143
   (2d Cir. Mar. 4, 2024) ...........................................................................5

<u>Ormiston v. Nelson</u>,
   117 F.3d 69 (2d Cir. 1997)....................................................................5

<u>Owens v. Okure</u>,
   488 U.S. 235 (1999)..............................................................................5

<u>Pani v. Empire Blue Cross Blue Shield</u>,
   152 F.3d 67 (2d Cir. 1998).....................................................................4

<u>Phillips v. Cnty. of Orange</u>,
   894 F. Supp. 2d 345 (S.D.N.Y. 2012)..................................................18

<u>In Re Policing</u>,
   537 F. Supp. 3d 507 (S.D.N.Y. 2021)..................................................10

<u>Rini v. Zwirn</u>,
   886 F. Supp. 270 (E.D.N.Y. 1995) ......................................................19

<u>Roper v. City of N.Y.</u>,
   15 Civ. 8899 (PAE) (GWG), 2017 U.S. Dist. LEXIS 14918
   (S.D.N.Y. Jan. 25, 2017).....................................................................19

<u>Santiago v. Fischer</u>,
   No. 9-CV-1383 (MKB) (ST), 2017 U.S. Dist. LEXIS 88397
   (E.D.N.Y. June 7, 2017) .................................................................7, 15

**Cases**                                                                                                   **Pages**

Schubert v. City of Rye,
    775 F. Supp. 2d 689 (S.D.N.Y. 2011)....................................................................................19

Shak v. JPMorgan Chase & Co.,
    156 F. Supp. 3d 462 (S.D.N.Y. 2016).....................................................................................4

Sow, et al., v. City of N.Y., et al.,
    21 Civ. 533 (CM)(GWG)
    (S.D.N.Y.)..........................................1, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 20

Spavone v. New York State Dep't of Corr. Serv.,
    719 F.3d 127 (2d Cir. 2013)...................................................................................................17

Tangreti v. Bachmann,
    983 F.3d 609 (2d Cir. 2020)...................................................................................................18

Thea v. Kleinhandler,
    807 F.3d 492 (2d Cir. 2015).....................................................................................................4

In re UiPath, Inc. Sec. Litig.,
    755 F. Supp. 3d 498 (S.D.N.Y. 2024)......................................................................................6

In re Worldcom,
    496 F.3d (2d Cir. 2007)....................................................................................................8, 14

Wray v. City of N.Y.,
    490 F.3d 189 (2d Cir. 2007)...................................................................................................19

**Statutes**

9 N.Y.C.R.R. § 8.202.8...............................................................................................................5

42 U.S.C. § 1983.........................................................................................................1, 5, 7, 19

Fed. R. Civ. P. 12(b)(6)........................................................................................................1, 3, 4, 21

Fed. R. Civ. P. 42(a)....................................................................................................................10

Local Rule 7.1..............................................................................................................................21

## PRELIMINARY STATEMENT

Defendants City of New York ("the City"), former Mayor Bill de Blasio, former Police Commissioner Dermot Shea, and former Chief of Department Terence Monahan (hereinafter "Defendants") move to dismiss the Second Amended Complaint (hereinafter "SAC") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failing to state any claim upon which relief can be granted.

Plaintiffs bring this action pursuant to 42 U.S.C. § 1983 alleging, *inter alia*, false arrest, excessive force, First Amendment retaliation, and municipal liability in connection with Plaintiffs' arrests and/or encounters with New York City Police Department ("NYPD") officers between May 28, 2020 and November 5, 2020. However, this instant action was not filed until March 10, 2025 – well after the three-year statute of limitations ran on their §1983 claims. Plaintiffs cannot rely on the tolling pursuant to American Pipe & Construction Co. v. Utah, 414 U.S. 538 (1974) because they were not part of the proposed or certified class in Sow, et al. v. City of New York, et al., 21 Civ. 533 (CM)(GWG) (S.D.N.Y.). As a result, Plaintiff's claims are time-barred and should be dismissed.

Moreover, Plaintiffs' claims against the individual Defendants should be dismissed for failure to state a claim and for lack of personal involvement. Finally, Plaintiffs' municipal liability claims against the City should be dismissed because there is no surviving claim against any individual Defendant, the alleged constitutional violations are time-barred, and the claims should be precluded because ongoing relief exists addressing these claims.

## RELEVANT FACTS & PROCEDURAL HISTORY

Plaintiffs in this matter allege various interactions with police officers between May 28, 2020 through November 5, 2020, at different locations in New York City. Plaintiffs' allegations are summarized in the chart below.[1]

| Plaintiff | Date, Time, Location of Alleged NYPD Encounter | Relevant Factual Allegations |
|---|---|---|
| Janet Burns | May 29, 2020 at 8:00 p.m., near the side of the Barclays Center facing Flatbush Avenue, Brooklyn. | Plaintiff Burns allegedly was present at a BLM[2] protest at and around Barclays Center in the afternoon in her capacity as a journalist. Plaintiff alleges that later at 8:00 p.m., when she was standing with a group of protesters, she was approached by a member of NYPD and pepper sprayed, specifically on her legs, without warning. Plaintiff Burns was treated by EMTs and was not taken into custody. SAC ¶¶ 134-156. |
| Hank Lillevoy | May 28, 2020 at 4:00 p.m., in the vicinity of Union Square. | Plaintiff Lillevoy allegedly joined a protest in Union Square, where, at 4:00 p.m., she alleges non-party NYPD Officer P.O. Yuriy Demchenko struck them multiple times with a bicycle. Plaintiff Lillevoy was not handcuffed or placed in custody. SAC ¶¶ 264-281. |
| Radmila Djordjevic | June 2, 2020 at 9:00 p.m., in the vicinity of Manhattan Bridge. | Plaintiff Djordjevic allegedly joined a protest that crossed the Manhattan Bridge from Brooklyn. Once Plaintiff reached Manhattan, she allegedly crossed the bridge back to Brooklyn and was prevented from exiting the bridge by NYPD officers. At 9:00 p.m., Plaintiff allegedly was handcuffed and transported to the 79th Precinct. Plaintiff Djordjevic was issued a Summons for curfew violation and released at approximately 9:00 a.m. SAC ¶¶ 203-228. |
| Aminata Sam | June 5, 2020 at 8:00 p.m., in the vicinity of Montgomery Street & Nostrand Avenue | Plaintiff Sam allegedly was present at a protest when, at 8:00 p.m., NYPD officers placed Plaintiff in flex-cuffs and transported her to the 71st Precinct. Plaintiff Sam was issued a Summons for curfew violation and released from custody on June 6, 2020 at approximately 1:00 a.m. SAC ¶¶ 313-341. |
| Christopher Amparo | May 30, 2020 at 3:30 p.m., in the | Plaintiff Amparo allegedly joined a protest near Harlem, and then later proceeded to Times Square. Plaintiff, at 3:30 p.m. in the vicinity of Times Square, was grabbed by |

---

[1] The facts alleged in the Second Amended Complaint are accepted as true herein solely for the purposes of this motion.

[2] Also known as "BLM."

| | | |
|---|---|---|
| | vicinity of Times Square. | NYPD officers, thrown to the ground, placed in flex-cuffs, and transported to a precinct. Plaintiff Amparo was issued a Summons and released from custody at approximately 10:00 p.m. SAC ¶¶ 342-365. |
| Emily Seieroe | May 30, 2020 at 6:00 p.m., in the vicinity of Times Square. | Plaintiff Seieroe joined a protest in Union Square, and eventually arrived in Times Square at 6:00 p.m., at which time NYPD officers surrounded her and other protestors, placed her handcuffs, and transported her to One Police Plaza. Plaintiff Seieroe was allegedly released at 3:30 a.m. SAC ¶¶ 157-202. |
| Dai'Ja Spaulding | May 30, 2020 at 6:00 p.m., in the vicinity of Times Square. | Plaintiff Spaulding joined a protest in Harlem, and eventually proceeded to Times Square. At 6:00 p.m., in the vicinity of Times Square, Plaintiff encountered NYPD officers, who pushed her to the ground, handcuffed her, and transported her to an unknown NYPD location. At approximately 11:30 p.m., Plaintiff Spaulding was issued a Summons and released from custody. SAC ¶¶ 282-312. |
| Ibrahima Mbaye | May 30, 2020 at 5:00 p.m., in the vicinity of 47th Street and 7th Avenue. | Plaintiff Mbaye joined a protest and march in Harlem in the early afternoon, left, and then rejoined the protest occurring in Midtown Manhattan. Plaintiff alleges that, at 5:00 p.m., she was stopped by NYPD officers, prevented from leaving, pushed by an unnamed officer, handcuffed, and transported to One Police Plaza. Plaintiff Mbaye was allegedly issued two Summonses and released at approximately 3:00 AM. SAC ¶¶ 229-263. |
| Shameely Azanedo | November 5, 2020 at 8:00 p.m., in the vicinity of Stonewall Inn, Manhattan | Plaintiff Azanedo was present at a Black Trans Liberation protest near Stonewall Inn. At 8:00 p.m., Plaintiff alleges an NYPD officer slammed her to the ground and punched her in the face. Plaintiff Azanedo was transported to One Police Plaza, and, at approximately 2:00 a.m., was issued a Desk Appearance Ticket and released from custody. SAC ¶¶ 366-394. |

On March 10, 2025, Plaintiffs initiated this action alleging violations of their constitutional rights in connection with incidents occurring between May 28, 2020 and November 5, 2020. See ECF No. 1. The First Amended Complaint (hereinafter "FAC") was subsequently filed on March 13, 2025. See ECF No. 11. On July 23, 2025, Plaintiffs filed the Second Amended Complaint. See ECF No. 22.

## STANDARD OF REVIEW

Rule 12(b)(6) allows for a pleading to be dismissed when it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must contain a "short and plain statement of the claim" that, if accepted as true, "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). The factual allegations in the complaint must be more than speculative and must show the grounds upon which a plaintiff is entitled to relief beyond "labels and conclusions, and a formulaic recitation of a cause of action's elements." Twombly, 550 U.S. at 555. The pleading must include facts that articulate more than "a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678.

Finally, affirmative defenses may be raised in a pre-answer Rule 12(b)(6) motion if "the defense appears on the face of the complaint." Iowa Pub. Emps.' Ret. Sys. V. MF Global, Ltd., 620 F.3d 137, 145 (2d Cir. 2010) (citing Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 74 (2d Cir. 1998)). This includes the defense that the statute of limitations has expired. See Noskov v. Roth, No. 19 Civ. 7431 (RA), 2020 WL 4041125, 2020. U.S. Dist. LEXIS 126411, *9-10 (S.D.N.Y. July 17, 2020) (citing Thea v. Kleinhandler, 807 F.3d 492, 501 (2d Cir. 2015)). "Dismissing claims on statute of limitations grounds at the complaint stage 'is appropriate only if a complaint clearly shows the claim is out of time.'" Id. at *10 (citing Shak v. JPMorgan Chase & Co., 156 F.Supp.3d 462, 474 (S.D.N.Y. 2016)); see also Modos Chofetz Chaim, Inc. v. RBS Citizens, N.A., 14 F.Supp.3d 191, 209 (S.D.N.Y. 2014) ("Because the defendants bear the burden of establishing the expiration of the statute of limitations as an affirmative defense, a pre-answer motion to dismiss on this ground may be granted only if it is clear on the face of the complaint that the statute of limitations has run.") (alterations, internal quotation marks, and citation omitted).

**ARGUMENT**

**POINT I**

**PLAINTIFFS' CLAIMS ARE TIME-BARRED**

Plaintiff's claims are time-barred. The statute of limitations for a § 1983 civil rights action in New York is three years. See Owens v. Okure, 488 U.S. 235, 251 (1999). Such claims accrue "when the plaintiff knows or has reason to know of the injury which is the basis for his action." Ormiston v. Nelson, 117 F.3d 69, 71 (2d Cir. 1997) (citations omitted). In the instant matter, Plaintiffs' claims of false arrest, First Amendment violations/retaliation, excessive force, due process, Equal Protection, and selective enforcement accrued on or about the date of the alleged incidents, i.e., between May 28, 2020 and November 5, 2020. The Executive Orders issued by former Governor Andrew Cuomo ("Covid Executive Orders"), however, tolled the statutes of limitations from March 20, 2020 through November 4, 2020. See Executive Order (A. Cuomo) No. 202.8 (9 NYCRR § 8.202.8); Nwoye v. Obama, 23-1178-CV, 2024 WL 911753, 2024 U.S. App. LEXIS 5143, at *2 (2d Cir. Mar. 4, 2024) (affirming tolling of claims between March 20, 2020 and November 3, 2020) (citation omitted).

Factoring in the tolling period established by the COVID-19 Executive Orders, Plaintiffs Burns, Lillevoy, Djordjevic, Sam, Amparo, Seieroe, Spaulding and Mbaye's § 1983 claims accrued, at the latest, on or about November 4, 2020 and the statute of limitations expired on or about November 4, 2023. The accrual date of Plaintiff Azanedo's claims was unaffected by the COVID-19 Executive Orders, because it transpired after the Executive Orders were lifted; thus, they began accruing on or about November 5, 2020 and the statute of limitations expired on November 5, 2023. Plaintiffs, however, did not file the instant case until March 10, 2025 – more than sixteen months after the statute of limitations expired. Consequently, all of Plaintiffs' claims are time-barred and should be dismissed.

**POINT II**

**PLAINTIFFS' RELIANCE ON <u>AMERICAN PIPE</u> TOLLING FAILS**

Plaintiffs assert that the statute of limitations on their claims were tolled by the filing of various putative class actions concerning protests throughout New York City following the death of George Floyd pursuant to <u>American Pipe & Construction Co. v. Utah</u>, 414 U.S. 538 (1974). SAC ¶¶ 14-36. Plaintiffs incorporate by reference the factual allegations of several class actions and non-class action cases, arguing that all these actions functioned to toll the statute of limitations for Plaintiffs. <u>Id.</u> ¶ 14. However, because Plaintiffs only claim membership in the <u>Sow</u> proposed class, only that action is relevant to the tolling analysis.

Generally, under <u>American Pipe</u>, "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." 414 U.S. at 554. The tolling of the statute of limitations is applied both in cases where class certification was denied, and where class certification was granted. <u>See, e.g.</u>, <u>Crown, Cork & Seal Co. v. Parker</u>, 462 U.S. 345, 353-54 (1983) (applying tolling to class members filing separate actions after class certification was denied); <u>Eisen v. Carlisle & Jacquelin</u>, 417 U.S. 156, (1974) (stating the statute of limitations were tolled for members who opted out after the class was certified). "This tolling benefit is afforded to active participants in the litigation as well as those who were unaware of the proceedings." <u>In re UiPath, Inc. Sec. Litig.</u>, 755 F. Supp. 3d 498, at *37 (S.D.N.Y. 2024).

"For an individual plaintiff to invoke <u>American Pipe</u> tolling, the Court must find: (i) there is a putative class action; (ii) the putative class includes the individual plaintiff; (iii) the individual plaintiff's claim was timely when the putative class action was filed; (iv) the individual plaintiff's claim was asserted by the class action; and (v) the individual plaintiff raises his claim against an

6

individual whom the putative class named as a defendant." Santiago v. Fischer, No. 9-CV-1383 (MKB) (ST), 2017 U.S. Dist. LEXIS 88397, at *8 (E.D.N.Y. June 7, 2017) (citation omitted).[3] Ultimately, "[t]he purpose behind American Pipe tolling is to preserve the rights of plaintiffs who 'reasonably relied on the class representative, who sued timely, to protect their interests in their individual claims.'" See Friedland, et al., v. City of N.Y., et al.,[4] 24 Civ. 07064 (DLC) (hereinafter "Friedland"), September 25, 2025 Opinion and Order filed at ECF No. 43 ("Friedland Order") at 8 (quoting American Pipe, 414 U.S. at 743). In that same vein, "class tolling does not apply if a plaintiff 'never could have been part of the putative class' in the prior class action." Behrens v. JPMorgan Chase Bank N.A., No. 16 Civ. 5508 (VSB), 2019 WL 1437019, 2019 U.S. Dist. LEXIS 55952, at *24 (S.D.N.Y. Mar. 31, 2019) (citation omitted). Lastly, American Pipe tolling is not inconsistent with the statute of limitations, whose purpose is "to put defendants on notice of adverse claims." Crown, Cork & Seal, 462 at 35; see also Friedland Order, at 8 (quoting American Pipe, 414 U.S. at 743). A class action notifies the defendants of the information necessary to prepare a defense and serves the interests of the defendants by preventing the unnecessary burden of defending multiple actions with overlapping claims. In re Worldcom, 496 F.3d at 254.

Here, Plaintiffs do not satisfy the second element required to invoke American Pipe tolling because the putative Sow class did not include them. Plaintiffs also fail to "allege facts to support

---

[3] Upon information and belief, there is no WestLaw citation for the Santiago case.

[4] Friedland is almost identical to the instant case. The plaintiffs in Friedland were three individuals arrested on June 1, 2020. Represented by the same counsel as in this case, the Friedland plaintiffs filed their § 1983 claims on September 18, 2024, well after the expiration of the statute of limitations. Similar to this case, the Friedland plaintiffs alleged that they were in the Sow proposed class, conceded they were not in the certified class, and attempted to avail themselves of American Pipe tolling in an effort to save their claims. The Honorable Judge Denise Cote granted the defendants' motion to dismiss the second amended complaint in Friedland, concluding that "plaintiffs could not have reasonably relied on the Sow FAC definition of its class to toll the statute of limitations period for their claims, and their assertion that their individual claims were tolled by that class definition creates 'unfair surprise' for the defendants." Friedland Order, at 9. Defendants respectfully submit that, given the similarities in the cases, Judge Cote's decision is instructive.

a finding either that [they] could have reasonably relied on the <u>Sow</u> FAC's class definition to toll the statute of limitations for their individual claims or that there is no unfair surprise to the defendants from an assertion that the time for them to file their claims had been tolled." <u>Friedland</u> Order at 11. Thus, they should not be permitted to rely on <u>American Pipe</u> to allow their untimely claims to proceed.

**A.    The <u>Sow</u> Putative Class Definition Excludes Plaintiffs.**

It is undisputed that Plaintiffs are not part of the <u>Sow</u> class as ultimately certified. <u>See</u> SAC ¶ 20. However, Plaintiffs allege that they were part of the proposed class. The <u>Sow</u> FAC defined the proposed class as:

> (a) all persons who were targeted for their First Amendment protected activity including being, *inter alia*, unlawfully detained and/or arrested without fair warning or ability to disperse, subjected to excessive force, and/or subjected to unreasonably lengthy and unsafe custodial arrest processing during the New York City protest marches in opposition to police misconduct and in support of police reform from May 28, 2020 through no earlier than November, 2020 (the "Protests"); and

> (b) all persons who have been or will be unlawfully detained and/or arrested without fair warning or ability to disperse since May 28, 2020, pursuant to the NYPD's policy, practice, and/or custom of, without legal justification, conducting retaliatory arrests and detentions of individuals protesting in opposition to police misconduct and in support of police reform.

<u>Sow</u> FAC ¶ 510; <u>see also</u> FAC ¶ 25 (same). The <u>Sow</u>'s proposed class requires class members to have been arrested. In fact, numerous paragraphs common to the named Plaintiffs, and/or all class members, support the position that the proposed <u>Sow</u> class never intended to represent the interests of individuals who were not arrested. <u>See</u>, <u>e.g.</u>, <u>Sow</u> FAC ¶ 514 ("The Named Plaintiffs [were] the victims of excessive and unreasonable force *in the course of these unconstitutional arrests.*")

(emphasis added); ¶ 517 ("Like other members the Class, the Named Plaintiffs were *subject to arrests* in violation of their First Amendment rights, excessive use of force, and unconditional conditions of confinement."); ¶ 513 ("The named Plaintiffs *and all Class Members* were and will be victimized by these same *retaliatory policies of arresting protestors* against police brutality without legal justification.") (emphasis added)). The <u>Sow</u> FAC also explicitly states that specific named Plaintiffs, all of whom alleged they were arrested, "were adequate class representatives because they were (i) arrested in New York City, (ii) without legal justification, (iii) while attending protests against police brutality; (iv) between May 28 and June 6, 2020; (v) their summonses or other charging instruments were later dismissed; and (vi) they were subjected to Defendants' Protest Arrest Processing Policies." <u>See</u> Sow FAC ¶ 510. Notably, Barbara Ross, the sole Plaintiff in <u>Sow</u> who did not allege a custodial arrest and/or detention, is not a class representative. <u>Sow</u> FAC ¶ 510.

Furthermore, the <u>Sow</u> FAC proposed class definition requires that the detentions and arrests be made specifically during the George Floyd or Black Lives Matter protests. Specifically, the proposed class explicitly includes individuals ". . . during the New York City protest marches in opposition to police misconduct and in support of police reform . . . [and] individuals protesting in opposition to police misconduct and in support of police reform." <u>Id.</u> In fact, the SAC extensively details the timeline, history, investigations, and lawsuits related to the BLM protests. <u>See</u> SAC ¶¶ 57-133.

Moreover, Plaintiffs' conclusory contention that "[t]he parties in <u>Sow</u> and <u>In re: Policing</u>, at a bare minimum, understood that the <u>Sow</u> class covered at least all protests identified in Schedule A, and then Amended Schedule A" is utterly without merit. SAC ¶ 131. First, the Schedule A, and later Amended Schedule A, referenced documents prepared by the plaintiffs in <u>In</u>

Re: New York City Policing During 2020 Demonstrations ("In Re: 2020 Demonstrations") to focus discovery on "potentially relevant" protests alleged in the pleadings of *all ten* consolidated cases. Second, these ten cases were consolidated *only* for the purposes of discovery and remained their own distinct, independent actions. See In Re: 2020 Demonstrations, 537 F. Supp. 3d 507, 511 n.1 (S.D.N.Y. 2021) (In consolidating the 2020 Protest cases, the court noted that "'consolidation [under] Fed. R. Civ. P. 42(a)] does not merge the suits; it is a mere matter of convenience in administration, to keep them in step. They remain as independent as before.'") (quoting Hall v. Hall, 138 S. Ct. 1118, 1125, 1127 (2018)). Lastly, a significant majority of the protests listed in Amended Schedule A were never referenced in the Sow pleadings. Compare Sow FAC, with Amended Schedule A, annexed to Reszytniak Declaration as Exhibit "A." Therefore, it is unclear how the Sow proposed class could be understood, or in any way be construed, to cover "at least" all protests identified in Amended Schedule A.[5]

**B.    Plaintiffs Were Not Members of the Proposed Sow Class.**

For the various reasons set forth below, Plaintiffs were not, and cannot be construed to be, part of the Sow class.

i.    Plaintiffs Burns and Lillevoy Were Not Arrested.

Although Plaintiffs Burns and Lillevoy allegedly encountered police in the vicinity of locations referenced in Sow, they do not allege to have been subjected to custodial arrests and/or detentions at these locations—a necessary condition of membership to the proposed Sow class. See SAC ¶¶ 143-149, ¶¶ 271-279. As argued above, the Sow FAC implicated custodial arrests and detentions as defining attributes of proposed class members. Sow FAC ¶ 510, ¶ 513, ¶ 514, ¶ 517.

---

[5] Plaintiffs claim that the City objected to the Amending of Schedule A "based on [its] understanding" that the "'Schedule A list of protest locations' was 'what we [(e.g., the City) understood] the whole litigation has been based upon this far,'" ignores that any assertion regarding "this litigation" in the context of the consolidated protest cases would have obviously referred to the ten consolidated matters as a whole; not specifically Sow. See SAC ¶ 132.

Though Plaintiff Burns alleges that she was arrested and/or detained, these contentions are contradicted by the lack of factual allegations demonstrating that she was detained, handcuffed, arrested, or taken into custody. <u>See</u> SAC ¶¶ 134-150, ¶ 153. Similarly, Plaintiff Lillevoy alleges that they were detained unlawfully, but pleads no factual allegations to support this claim, and admits they were not arrested. <u>See</u> SAC ¶¶ 264-276.

Accordingly, Plaintiffs Burns and Lillevoy were not members of the proposed <u>Sow</u> class, and their reliance on <u>American Pipe</u> tolling fails.

ii.    <u>Plaintiffs Djordevic and Sam Were Arrested for Curfew Violations, at Locations Not Referenced in the Sow Pleadings.</u>

Plaintiffs Djordevic and Sam were arrested while violating the curfew orders in effect at the time—not for any conduct protected by the First Amendment. As such, they were not members of the <u>Sow</u> proposed class. Here, Plaintiffs Sam and Djordevic allege they were targeted in retaliation in connection with exercising their First Amendment rights. <u>See</u> SAC ¶ 227, ¶ 318. Although the SAC does not specify which rights, to the extent that it relates to any alleged First Amendment retaliation, the argument fails because officers had probable cause to arrest Plaintiffs Djordevic and Sam for violating the curfew. Both Plaintiffs Djordevic and Sam were arrested on June 2, 2020, and June 5, 2020, respectively, during which Covid Emergency Executive Order Nos. 117 and 119 enacted by former Mayor de Blasio prohibited individuals and vehicles in public, with exceptions for essential workers, from June 1, 2020 at 8:00 p.m., to June 8, 2020 at 5:00 a.m. <u>See</u> N.Y.C. Emer. Exec. Order Nos. 117, 199; SAC ¶¶ 72-74; ¶¶ 204-210; ¶¶ 315-319. "The existence of probable cause 'will also defeat a First Amendment claim that is premised on the allegation that defendants prosecuted a plaintiff out of a retaliatory motive, in an attempt to silence her.'" <u>Higginbotham v. Sylvester</u>, 741 F. App'x 28, 31 (2d Cir. 2018) (internal citations omitted). Indeed, Plaintiffs Djordevic and Sam explicitly allege that their arrests on June 2 and 5, 2020,

occurred at or after 8:00 p.m., indicating they were plainly in violation of the constitutionally valid curfew orders when they were arrested. See SAC ¶ 210, ¶ 319. Thus, as Plaintiffs Djordevic and Sam were in violation of the valid curfew executive order when they were arrested, there was probable cause to arrest them for this reason alone.

Furthermore, the enforcement of the curfew orders as to Plaintiffs Djordevic and Sam had nothing to do with any First Amendment activity. Plaintiffs Djordevic and Sam fail to plead they where "targeted" for exercising their First Amendment rights because they do not allege that they were engaging in any protected conduct when they were admittedly violating the curfew order—then arrested for the same. SAC ¶ 210, ¶ 219; ¶¶ 319-321, ¶ 333. While the SAC challenges the "retaliatory and selective enforcement of the Curfew Orders," Plaintiffs make no arguments as to how or even if the curfews were unfairly enforced in their own arrests. SAC ¶ 522. Nor do Plaintiffs challenge the validity of the curfew orders – because they cannot. See In re: 2020 Demonstrations, 548 F. Supp. 3d 383, 412-417. Lastly, Plaintiffs Djordevic and Sam were not arrested at any protests at issue in Sow. Instead, Plaintiffs' citations to Amended Schedule A, Protest Number 35 for Plaintiff Djordevic and Protest Number 52 for Plaintiff Sam, reveal that both of these protests were at locations relevant in other cases, not Sow. See SAC ¶ 206, ¶ 317; Ex. A at Protest Nos. 35, 52.

Accordingly, Plaintiffs Djordevic and Sam's reliance on American Pipe tolling fails.

iii.  Plaintiffs Amparo, Seieroe, Spaulding, Mbaye, and Azanedo Were Arrested at Locations Not Referenced in the Sow Pleadings.

Plaintiffs Amparo, Seieroe, Spaulding, Mbaye, and Azanedo were not members of the Sow proposed class because were not arrested at locations detailed in the Sow pleadings.

First, Plaintiffs Spaulding, Mbaye, and Amparo were allegedly arrested after joining a protest in Harlem on May 30, 2020, which appears on Amended Schedule A as Protest Number

15. See SAC ¶ 230, ¶ 233, ¶ 283, ¶ 285, ¶ 343, ¶ 345; Ex. A. However, Protest Number 15 cites to another case and not to Sow. See Ex. A. Indeed, the Sow FAC plainly does not reference any arrests at the locations of Plaintiffs Spaulding, Mbaye, and Amparo's arrests on May 30, 2020. See generally Sow FAC.

Next, Plaintiff Seieroe alleges that on May 30, 2025, she joined a protest in Union Square and then later at 6:00pm, was arrested at Times Square. She claims to be part of the Sow proposed class under Protest Number 16 on Amended Schedule A. See SAC ¶ 164; Ex. A. Plaintiff Seieroe, however, was arrested at Times Square which is not part of Protest Number 16. See Ex. A. Indeed, Protest Number 16 on the Amended Schedule A lists that approximate location as "Union Square to FDR Drive/Lower East Side." See id. Times Square is nowhere near that approximate location. See Sow FAC ¶¶ 131-150; Ex. A. Thus, Plaintiff Seieroe was not in the proposed class because she was not arrested at a location referenced in Sow pleadings. See generally Sow FAC.

Finally, Plaintiff Azanedo was allegedly arrested on November 5, 2020 in the vicinity of the Stonewall Inn in Lower Manhattan, Protest Number 79 on Amended Schedule A. See SAC ¶ 371; Ex. A. There are several factors precluding Plaintiff Azanedo from the Sow proposed class. First, even though the Sow proposed class definition attempted to include claims from May 28, 2020 through November 2020, the pleadings do not reference or contain factual allegations concerning any protest after June 4, 2020, much less on November 5, 2020. See generally Sow FAC. Second, Plaintiff Azanedo was not at a protest "in opposition to police misconduct" and in "support of police reform" within the meaning contemplated by the Sow FAC class definition. Instead, Plaintiff Azanedo alleges that she was at "Black Trans Liberation Protest" at Stonewall. SAC ¶ 367. While police reform may indeed be a "part" of or "connected" to Black Trans Liberation, in order to be a Sow proposed class member, the main message/purpose of the protest

13

must have specifically pertained to police misconduct and reform, in response to the death of George Floyd in the Summer of 2020. Compare id. ¶¶ 367-370, with id. ¶ 1 ("protests against police violence and in support of police accountability"), ¶ 6 ("it is the *message* of the protest that determines whether Defendants will respond with violent tactics and indiscriminate mass arrests") (emphasis in original). Plaintiff Azanedo was arrested at a protest where the primary message was simply not connected to those relevant to Sow. SAC ¶¶ 368-370.

 For these reasons, Plaintiff Azanedo was not a Sow proposed class member and her reliance on the American Pipe tolling fails.

**C.     Plaintiffs' Argument Requires a Construction of the Sow Putative Class That In and Of Itself Forecloses the Applicability of American Pipe Tolling.**

 "The Second Circuit has recognized that a significant consideration in determining whether American Pipe tolling applies is whether one of the purposes of a statute of limitations, 'to put defendants on notice of adverse claims . . .' [is] fulfilled "when [the] class action is commenced.'" Santiago, 2017 U.S. Dist. LEXIS 88397 at *21-22 (citing In Re: WorldCom, 496 F.3d at 254); (quoting Crown, Cork & Seal, 462 U.S. at 352); accord American Pipe, 414 U.S. at 554-55 (noting that the purposes of the statute of limitations are "satisfied when . . . a named plaintiff who is found to be representative of a class commences a suit and thereby notifies the defendants not only of the substantive claims being brought against them, but also of the number and generic identities of the potential plaintiffs who may participate in the judgment.")). "It would be contrary to the American Pipe doctrine to hold that class complaints asserting the generalized grievances of an open-ended group alert the defendant to the identity of those likely to participate in the action against him." See, e.g., Camotex, S.R.L. v. Hunt, 741 F. Supp. 1086, 1091 (S.D.N.Y. 1990) (citing Davis v. Bethlehem Steel Corp., 600 F. Supp. 1312, 1319 (D. Md.), aff'd, 769 F.2d 210 (4th Cir.),

cert. denied, 474 U.S. 1021 (1985) (excessively broad class complaint alleging generalized racial discrimination claims does not satisfy notice requirements of American Pipe)).

The Sow FAC's "generalized" putative class definition and allegations in the pleadings did not provide Defendants with fair notice that Plaintiffs' claims here could have or were intended to have been among those seeking recourse through Sow. For example, in an attempt to provide the "number and generic" identities of the proposed class members, the Sow FAC pointed to a New York City Department of Investigation Report indicating the number of people arrested by NYPD in connection with the Protests related to the proposed class, which occurred between May 28, 2020 through June 5, 2020. Sow FAC ¶ 513. Similarly, the proposed class "who have been or will be unlawfully detained and/or arrested without fair warning or ability to disperse since May 28, 2020, pursuant to the NYPD's policy [. . .] of [. . .] conducting retaliatory arrests and detentions of individuals protesting in opposition to police misconduct and in support of police reform," is too generalized, and open-ended so as to make tolling applicable. The definition failed to properly notify Defendants that the claims of individuals arrested at locations beyond those mentioned in Sow would have been encompassed by the pleadings, and/or ever seek to participate in the class action. Nor did it properly notify Defendants that individuals beyond the Sow arrest locations would circumvent the statute of limitations by shoehorning themselves into the Sow proposed class by availing themselves of America Pipe. Even assuming that Plaintiffs' claims were encompassed by the Sow pleadings, they amount to the type of "generalized grievances of an open-ended group" that should not be afforded tolling under American Pipe. In other words, Plaintiffs in this action are the precise type that subject Defendants to "unfair surprise" and are directly contrary to the policy considerations underpinning American Pipe tolling and class actions generally. See Crown,

<u>Cork & Seal</u>, 462 U.S. at 353 (holding that the statute of limitations may be tolled so long as there is no potential that doing so will force Defendants to face any unfair surprises).

Ultimately, the <u>Sow</u> FAC failed to adequately define an ascertainable, identifiable class so as to have put Defendants on notice that Plaintiffs' claims here were or could be encompassed by <u>Sow</u> and, thus, are entitled to tolling under <u>American Pipe</u> despite their assertions to the contrary.[6]

**POINT III**

**PLAINTIFFS' CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS SHOULD BE DISMISSED**

**A.      The Decision and Order Issued in <u>Sow</u> is Instructive to the Dismissal of All But One of Plaintiffs' Claims.**

Plaintiffs' claims against the individual Defendants should be dismissed for the same reasons articulated in the Decision and Order by the Honorable Colleen McMahon in <u>Sow</u>. <u>See Sow</u> Decision & Order, ECF No. 116. In that Decision and Order, Judge McMahon held that the facts alleged were insufficient to state a claim, as to: 1) the constitutionality of the curfew order put in place by former Mayor de Blasio; 2) former Police Commissioner Shea's lack of personal involvement in any of the protests detailed in the <u>Sow</u> FAC; 3) former NYPD Chief Monahan's lack of involvement in any protests beyond those on May 28, 2020 and June 4, 2020; and 4) all

---

[6] Plaintiffs' attempts to support their contention that <u>American Pipe</u> is applicable plainly fail. First, Plaintiffs rely on caselaw from the Ninth Circuit to articulate the standards for bystander plaintiffs to be considered putative class member, which is inapposite here, and should be disregarded. <u>See</u> SAC ¶ 32 (citing <u>DeFries v. Union Pac. R.R. Co.</u>, 104 F.4th 1091 (9th Cir. 2024)); <u>see also</u> <u>Friedland</u> Order (examining <u>Defries</u>, noting that it "is inapposite for several reasons," detailing that there, the parties "agreed that the plaintiff qualified as a putative class member under the class definition in the original complaint but disputed whether he was included or excluded in the narrowed class that was later certified," and "therefore did not address whether <u>American Pipe</u> tolling had begun, but instead addressed when it should end.") (104 F.4th 1091). Second, despite Plaintiffs' citation to <u>Korwek v. Hunt</u> to support the contention that <u>American Pipe</u> tolling applies to individuals "arguably" within the scope of a proposed class definition, that case is clearly distinguishable. <u>See</u> SAC ¶ 32 (citing 827 F.2d 874, 877 (2d Cir. 1987). <u>Korwek</u> addresses the "tolling of statutes of limitations for subsequently filed class actions," which is plainly not applicable here. 827 F.2d 874, 877 (2d Cir. 1987). Finally, Plaintiffs' claim that they were included in the original <u>Sow</u> Complaint's proposed class definition is irrelevant, as the <u>Sow</u> FAC rendered the original Complaint moot. SAC at n.3. Thus, Plaintiffs fail to support their entitlement to <u>American Pipe</u> tolling and their claims should be dismissed.

16

official capacity claims against all individual defendants. See id. The facts and issues alleged here are verbatim to those in the Sow FAC. Compare SAC, with Sow FAC. Thus, the Decision and Order in Sow is instructive here and should function to preclude all of Plaintiffs' claims against the individual Defendants, except for one against former Mayor de Blasio, which was not dismissed by the Order, but fails on other grounds as detailed below.

**B.    Plaintiffs Fail to Allege Personal Involvement.**

"To state a claim under Section 1983, a plaintiff must also allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation." See Spavone v. N.Y.S. Dep't of Corr. Serv., 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted)). "A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights." See Iqbal, 556 U.S. at 676. "Rather, [t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official[.]" Tangreti v. Bachmann, 983 F.3d 609, 620 (2d Cir. 2020).

Here, notwithstanding Judge McMahon's Decision and Order, nothing in the SAC suggests that any individual Defendant was personally involved in any of the underlying incidents alleged by Plaintiffs. As a threshold matter, Plaintiffs cannot incorporate the Sow pleadings, or the pleadings in any of the consolidated actions for the reasons detailed *supra* Point I, to circumvent their failure to appropriately plead the claim here. In any event, the SAC, as was the case with Sow, fails to make any such showing as it relates to the personal involvement of the individual Defendant in Plaintiffs' claims because they simply do not plead the necessary and required facts to state a claim. Specifically, the SAC fails to plead any facts beyond conclusory, unspecified

assertions that Chief Monahan was present at, or had any direct involvement in the handling of any protest beyond the June 4, 2020 Mott Haven protest – which no Plaintiff in this action claims to have been present at. See SAC ¶ 87. Similarly, the SAC attempts to make claims against former Mayer de Blasio pertaining to his enactment, and enforcement of the curfew orders in effect at the times of Plaintiffs Djordevic's and Sam's arrests. As it relates to Plaintiffs' generalized claims regarding selective enforcement of the curfew order, the SAC contains no factual allegations that the Mayor, the Commissioner, or the Chief directed any member of the NYPD to enforce the curfew order selectively, or in retaliation for protesters' anti-police views. In fact, the Sow FAC affirmatively alleged that a message was sent to NYPD officers authorizing the issuance of a C Summons for *anyone* who violated the orders. SAC ¶ 82; see also Sow FAC ¶ 82 (same). That is the antithesis of selective or retaliatory enforcement. Finally, the SAC is devoid of any allegations regarding any involvement of Commissioner Shea in any policy, practice, or custom giving rise to Plaintiffs' allegations. Thus, any claims against the individual Defendants should be dismissed due to lack of personal involvement.

## C.    The Official Capacity Claims Are Redundant and Should be Dismissed.

Here, the City is named as a Defendant, as is former Mayor de Blasio, former Police Commissioner Shea, and former Chief of Department Monahan. Naming these officials in their official capacities is duplicative of Plaintiffs' claims against the City. See, e.g., Schubert v. City of Rye, 775 F. Supp. 2d 689, 699 (S.D.N.Y. 2011) (quoting Rini v. Zwirn, 886 F. Supp. 270, 281 (E.D.N.Y. 1995) ("Where the governmental entity can itself be held liable for damages as a result of its official policy, a suit naming the legislators in their official capacity is redundant.")); Phillips v. Cnty. of Orange, 894 F. Supp. 2d 345, 384 n.35 (S.D.N.Y. 2012) (noting that courts in the Second Circuit routinely dismiss official capacity claims against municipal officials as duplicative

of the claims against the municipality) (collecting cases)). Thus, these Defendants should be dismissed as they are only named in their official capacity.

**POINT IV**

**PLAINTIFFS' <u>MONELL</u> CLAIMS SHOULD BE <u>DISMISSED</u>**

**A.  Plaintiffs' <u>Monell</u> Claims Fail Because There Are No Surviving Claims Against Any Individual Defendant.**

"In a lawsuit containing a <u>Monell</u> claim, if the plaintiff cannot show that his or her constitutional rights were violated by any individual defendants, the <u>Monell</u> claim will also fail." <u>Roper v. City of N.Y.</u>, 15 Civ. 8899 (PAE) (GWG), 2017 U.S. Dist. LEXIS 14918, at *2-3 (S.D.N.Y. Jan. 25, 2017) (citation omitted)[7] ("[T]he plaintiffs' failure to secure a judgment against the individual actors would . . . preclude a judgment against the municipality if the ruling . . . resulted from the plaintiff's failure to show that they committed the alleged tort.") (emphasis omitted). As detailed *supra*, the SAC does not claim that the individual Defendants were in any way involved in the incidents giving rise to Plaintiffs' interactions with the police. As no claim against the individual Defendants can survive, any <u>Monell</u> claim must similarly fail.

**B.  Plaintiffs' <u>Monell</u> Claims Are Time-Barred.**

Plaintiffs' <u>Monell</u> claims should be dismissed because the underlying constitutional violations are time-barred. "To hold a city liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." <u>Wray v. City of N.Y.</u>, 490 F.3d 189, 195 (2d Cir. 2007) (citation omitted). However, municipal liability cannot be based on time-barred acts. <u>See</u> <u>Daniels v. City of N.Y.</u>, 18 Civ. 3717 (RA), 2019 WL

---

[7] Upon information and belief, there is no citation for the <u>Roper</u> case.

19

1437586, 2019 U.S. Dist. LEXIS 55746, at *9 (S.D.N.Y. Mar. 31, 2019) (municipal liability "claims are derivative in nature and are therefore dismissed to the extent that they are predicated on Plaintiff's time-barred claims for illegal search or excessive force"). Plaintiffs bring claims of false arrest, excessive force, First Amendment violations and/or retaliation, Due Process violation, and selective enforcement. All of these claims are predicated on the actions taken by NYPD members allegedly between May 28, 2020, and November 5, 2020. Since the acts specified in the SAC on which municipal liability is based are time-barred for the reasons addressed *supra*, Points I and II, this claim fails.

### C.    Plaintiffs' Municipal Liability Claims Should be Precluded.

Plaintiffs' Monell claim regarding policing at protests should be precluded because there exists ongoing relief directly addressing these claims. As previously stated, Plaintiffs' counsel are class counsel on Sow. See SAC at 75; Sow Amended Final Approval Order at p. 2; Sow Final Approval Order at p. 2; Sow Amended Stipulation at p. 31. The Sow plaintiffs sought declaratory and injunctive relief to end NYPD's policing practices regarding protests—a claim that was then consolidated into In Re: 2020 Demonstrations. Sow FAC, ¶ 8, ¶ 525. The parties in In Re: 2020 Demonstrations settled for, in relevant part, the adoption and revision of certain policies and procedures on the policing by NYPD of "First Amendment Activities," which is a multi-year process. In Re: 2020 Demonstrations Decision and Order, dated February 7, 2024, ECF No. 1174. Thus, Plaintiffs' counsel, as Sow class counsel, are, not only part of that process but, at a minimum, familiar with the changes being made to the policing policies and practices that make up the instant Monell claims. Nevertheless, Plaintiffs now seek redress in this new action for the very same claims that In Re: 2020 Demonstrations resolved. Such attempts should be precluded by the Court. For these reasons, Plaintiffs' municipal liability claim fails and should be dismissed.

Accordingly, Plaintiffs fail to state claims for municipal liability, and they should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant their motion to dismiss pursuant to Rule 12(b)(6), dismiss the Second Amended Complaint in its entirety, with prejudice, and for such other and further relief as the Court deems proper and just.[8]

Dated:    New York, New York
          October 1, 2025

MURIEL GOODE-TRUFANT
Corporation Counsel of the City of New York
*Attorneys for Defendants*
New York, New York 10007
(212) 356-2541/3541

By:    /s/ *Yini Zhang*
       Yini Zhang
       *Senior Counsel*
       Special Federal Litigation Division

By:    /s/ *Zoe Reszytniak*
       Zoe Reszytniak
       *Assistant Corporation Counsel*
       Special Federal Litigation Division

CC:    **VIA ECF**
       Counsel of Record

---

[8] In accordance with Rule 7.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, I hereby certify that the total number of words in the foregoing Memorandum of Law, inclusive of point headings and footnotes, is 7,033. I have relied on the word count function of Microsoft Word to prepare this certification.