

<div style="text-align:right">November 25, 2025</div>

Honorable Robyn F. Tarnofsky
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

By Electronic Filing

    Re:    <u>Burns et al. v. City of New York et al.</u>, 25-cv-1999

Dear Judge Tarnofsky:

    My firm, with co-counsel, represents Plaintiffs and the putative class in the case above. I write to provide Plaintiffs' partial opposition to Defendants' motion to stay (ECF No. 35).

    As set out below, Defendants do not meet the standard for a motion to stay — and the parties have gotten here because Defendants will not take "yes" for an answer. Defendants want to stay the entire case pending a motion to dismiss, even though a stay based on a motion to dismiss is unusual and requires a strong showing. *See Dance Theatre of Harlem*, 2025 US Dist LEXIS 143231 at *3-4; see also, Brooks v. Macy's, Inc., 2010 WL 5297756 at *1 (S.D.N.Y. Dec. 21, 2010); *Moran v. Flaherty*, 1992 WL 276913 at *1 (SDNY. Sept. 25, 1992).

    Plaintiffs offered to agree to a stay if Defendants merely agreed not to leverage the stay to prejudice Plaintiffs — by arguing, for example, that the time that passed during the stay made it too burdensome to prepare a 30(b)(6) witness. Defendants stated, unequivocally: "We're not considering any provisions or conditions outside of what's already been indicated in our letter."

    Accordingly, and also because of the uncommon weakness of their motion to dismiss, Defendants do not make the required showing. The motion should be denied.

<div style="text-align:center"><strong><u>Brief Background</u></strong></div>

    Because of Defendants' suggestion that "no formal discovery demands have been exchanged by the parties," and saying that means "the breadth of discovery in this matter will undoubtedly be broad" (ECF No. 35 at 2),[1] Plaintiffs begin with some omitted background.

    This case is one of the *American Pipe* progeny of the consolidated protest litigation in *In re New York City Policing During Summer 2020 Demonstrations*, 20-cv-8924 ("*In re Policing*") that Judge

---

[1] This appears to be a copy and paste of the City's stock motion to stay, without much alteration to address the specific circumstances of this case. That fact also makes the motion to stay weaker.



McMahon supervised on something of a rocket docket. The cases there settled, but after nearly two years of intensive discovery — including more than a dozen rounds of sanctions against the City's lawyers for discovery misconduct (as well as an instance in which a City lawyer was caught forging two documents). The number of pages of documents exchanged clocked in in the mid-six figures. So, most of the relevant discovery in this case has actually already taken place, particularly on the *Monell* claims. What remains is essentially some clean up discovery: Largely, documents the City claimed it produced but did not actually produce because it never conducted a search (*see, e.g., In re Policing*, ECF Nos. 943[2] and 924), as well as a small handful of fact and 30(b)(6) depositions.

In advance of this motion, Plaintiffs offered to consent subject to the City agreeing it would not assert the passage of time during the stay made it too burdensome to finish that discovery. That is, the idea was that Plaintiffs' primary concern was that the City would say that preparing a 30(b)(6) witness — after another change in mayoral administration — on 2020 policies would be too burdensome *because* the stay allowed the passage of time. As noted above, Defendants refused to agree to that condition. And that means Defendants intend to at least *keep* the ability to assert that time that passes during the stay may be used to prejudice Plaintiffs.[3]

## Discussion

As Defendants acknowledge, they must make some showing on each of the following factors: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay.'" ECF No. 35 at 2, *quoting Rivera v. Inc. Vill. of Farmingdale*, No. 6-CV2613 (DRH) (ARL), 2007 U.S. Dist. LEXIS 99970, at *3 (E.D.N.Y. Oct. 17, 2007).

Defendants fail on each factor — and any factor alone would counsel denial of the motion.

*First*, Defendants only argument seems to be that their motion to dismiss, *if* it is granted, would dispose of the whole case. But Defendants' arguments in the motion to dismiss are uncommonly weak. To grant the motion, the Court would have to, among other things, find "and/or" means "and." *See* ECF No. 14-15. It would need to find that attending a protest is somehow **not** First Amendment activity. *Id.* at 14. To accept Defendants' claim the complaint does not "plead that the purported violation of their civil rights occurred pursuant to any municipal policies, practices, or custom," the Court would have to make that argument for itself, since it does not appear in Defendants' motion to dismiss anywhere[4] — and it would have to do so while ignoring Judge McMahon's detailed motion to dismiss decision finding exactly those policies well-

---

[2] ("Defendants shall immediately run a search through their IAB database for all individuals scheduled to be deposed as of today and shall produce all IAB files that involve incidents occurring during protests arising from the 'Amended Schedule A.' …")

[3] This argument is without prejudice to Plaintiffs' ability to later argue Defendants are equitably estopped (or something similar) from using the stay to assert burden.

[4] This too appears to be a copy-paste error: Defendants made this argument in a parallel case, but did not make in their motion to dismiss here.

COHEN&GREEN    Page 2 of 4

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t: (929) 888.9480 · f: (929) 888.9457 · FemmeLaw.com

<a>



pled with identical allegations in *In re Policing*. And the Court would need to break national new ground in finding that a non-class, injunctive consent decree can preclude damages claims based on an argument where the City does not cite a single case (*id.* at 23-24) and ignore binding Second Circuit precedent holding "the fact that the suit against the municipal actors was untimely … is irrelevant to the liability of the municipality." *Askins v Doe*, 727 F3d 248, 253 (2d Cir. 2013)

Suffice to say, that is not a strong showing. And because much of how Defendants present this argument is generic, copy/past that does not address the actual facts of this case or even the actual arguments Defendants made in their motion to dismiss, it cannot make the exceptional showing required to stay a case based on a motion to dismiss.

*Second,* the only basis Defendants identify for claiming discovery would be broad is their declaration "breadth of discovery in this matter will undoubtedly be broad, as it is largely (if not entirely) predicated on claims deriving out of alleged municipal policy." ECF No. 35. But as noted above, Defendants fail entirely to mention, let alone address, that most of that discovery has already taken place. To be sure, some discovery remains. But it is *less* than what would be required in a standard case with *Monell* claims, because the vast majority (if not all) of the underlying policy documents themselves have been produced. And without even addressing the actual facts of this case, Defendants' generic arguments cannot make any showing, let alone meet the high bar here.

*Last*, Defendants *explicitly* reserve the right to cause "unfair prejudice to the party opposing the stay." ECF No. 35 at 2. While Defendants' motion asserts generically that failing to state a claim is a lack of merit, that ignores that Defendants' motion does not assert Plaintiffs fail to state a claim as such: It only asserts that the claims — well-stated for the reasons discussed extensively in Judge McMahon's motion to dismiss decision in *In re Policing* — are untimely.

More importantly, Defendants make no argument whatsoever that their explicit choice to reserve the right to prejudice Plaintiffs by asserting *the stay itself* made discovery too burdensome avoids unfair prejudice. As noted above, if Defendants would simply make that commitment — the commitment to not argue the stay made discovery too burdensome — Plaintiffs would have no objection. But Defendants have refused to take "yes" for an answer.

Accordingly, since Defendants cannot make a showing on any of the three factors, the motion should be denied. But to be clear, Plaintiffs will remain open to a stay on consent, as long as Defendants simply agree not to assert the stay itself presents a burden.

As always, I thank the Court for its time and attention.

Respectfully submitted,

/s/
_____

J. Remy Green
   *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



*Attorneys for Plaintiffs*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

COHEN&GREEN     Page 4 of 4

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com