UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANET BURNS, et. al.,<br><br>       Plaintiffs,<br><br>   -against-<br><br>CITY OF NEW YORK, et al.,<br><br>       Defendants. | 25-CV-1999 (GHW) (RFT)<br><br>**ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge**:

Defendants' letter-motion to stay discovery pending a decision on its motion to dismiss the second amended complaint (ECF 32) is before the Court. (See ECF 35.)

Rule 26(c) of the Federal Rules of Civil Procedure permits a court to stay discovery "for good cause shown." When determining whether discovery should be stayed pending a decision on a motion to dismiss, courts consider the breadth of the discovery being sought and the burden of responding to the discovery requests, the strength of the motion to dismiss, and the prejudice to the party opposing the stay. See, e.g., *Richardson v. City of New York*, No. 21-CV-5080 (PAE) (KHP), 2022 WL 2003340, at *1 (S.D.N.Y. June 6, 2022); *Sigma Lithium Corp. v. Gardner*, No. 23-CV-7403 (DEH), 2024 WL 2867504, at *1 (S.D.N.Y. June 4, 2024). After reviewing the second amended complaint (ECF 22), the memorandum in support of the motion to dismiss (ECF 34), the memorandum opposing the motion to dismiss (ECF 36), the letter-motion for a stay of discovery (ECF 35), and Plaintiffs' response to Defendants' motion to stay discovery (ECF 38), I conclude that Defendants have met their burden of showing that there is good cause for the stay.

The parties have not yet exchanged discovery requests, so it is not clear how broad discovery would be. Plaintiffs argue "most of the relevant discovery in this case has actually already taken place" and that the discovery they seek "is essentially some clean up discovery" – discovery that the City of New York "claimed it produced but did not actually produce because it never conducted a search" plus "a small handful of fact and 30(b)(6) depositions." (ECF 38, Pls.' Opp. to Discovery Stay at 2.) While Plaintiffs characterize the scope of discovery as limited, their description of the materials sought suggests that it would be very burdensome for Defendants to search for and produce. Thus, the scope of the anticipated discovery counsels in favor of a stay. See *Richardson*, 2024 WL 2003340, at *1.

The strength of the underlying motion to dismiss also counsels in favor of granting a stay, because the motion is "not unfounded in the law." See *id*. at *2; see also *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002). I do not, by this observation, predict the outcome of the motion. However, Defendants' memorandum of law in support of the motion provides substantial arguments for dismissal of Plaintiffs' claims. Those arguments are supported by case law from courts in this Circuit, and so I cannot conclude that Defendants' motion is unfounded in the law. Because the motion to dismiss may be dispositive of some if not all of Plaintiffs' claims, which could narrow or eliminate the need for discovery, this factor weighs in favor of granting a stay. See *Richardson*, 2024 WL 2003340, at *2.

Plaintiffs suggest there would be prejudice from a stay because Defendants have suggested that they may assert that the very delay caused by a stay would make future discovery too burdensome. (See ECF 38, Pl.'s Opp. to Discovery Stay at 3.) However, any such

prejudice is eliminated by not holding the delay due to a stay against Plaintiffs in connection

with Plaintiffs' discovery requests after any stay is lifted.

For the foregoing reasons, Defendants' motion to stay discovery is **GRANTED**.

The Clerk of Court is respectfully requested to terminate ECF 35.

Dated: December 2, 2025
    New York, NY

SO ORDERED.

_____

**ROBYN F. TARNOFSKY**
United States Magistrate Judge