25 Civ. 01999 (GHW) (RFT)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANET BURNS, EMILY SEIEROE, RADMILA DJORDJEVIC, IBRAHIMA MBAYE, HANK LILLEVOY, DAI'JA SPAULDING, CHRISTOPHER AMPARO, AMINATA SAM, AND SHAMEELY AZANEDO,

             Plaintiffs,

-against-

CITY OF NEW YORK, FORMER MAYOR BILL DE BLASIO, FORMER NEW YORK CITY POLICE DEPARTMENT COMMISSIONER DERMOT SHEA, and FORMER NEW YORK CITY POLICE DEPARTMENT CHIEF OF DEPARTMENT TERENCE MONAHAN,

             Defendants.

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

*MURIEL GOODE-TRUFANT*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, 3rd Floor*
*New York, New York 10007*

*By: Yini Zhang*
*Zoe Reszytniak*
*Tel: (212) 356-3541/2547*

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................................... 1

ARGUMENT

    POINT I

        PLAINTIFFS FAILS TO SAVE THEIR TIME-BARRED CLAIMS ................................................................................ 1

        A.   The "Arguably" Standard is Inapplicable. ........................................... 1

        B.   Plaintiffs' Reading of the Sow Proposed Class is Overbroad. ........................................................................................ 4

    POINT II

        PLAINTIFFS WERE NOT MEMBERS OF THE SOW PROPOSED CLASS ............................................................................ 6

        A.   Sow Required an Individual to Have Been "Targeted" for Engaging in Protected Activity. ................................ 6

        B.   Membership to the Sow Proposed Class Required Custodial Arrest. ................................................................. 7

        C.   Sow Encompassed Claims Arising Out of Specific Protests, on Specific Dates. ..................................................... 9

    POINT III

        PLAINTIFFS' CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS SHOULD BE DISMISSED ............................................................................................................ 10

    POINT IV

        PLAINTIFFS' MONELL CLAIMS FAIL ............................................. 11

CONCLUSION ....................................................................................................................... 12

## **TABLE OF AUTHORITIES**

**Cases**                                                                                                      **Pages**

American Pipe & Construction Co. v. Utah,
   414 U.S. 538 (1974)......................................................................................................1

Biden v. Nebraska,
   600 U.S. 477 (2023)......................................................................................................3

Camotex, S.R.L. v. Hunt,
   741 F. Supp. 1086 (S.D.N.Y. 1990)..............................................................................5

Choquette v. City of N.Y.,
   839 F. Supp. 2d 692 (S.D.N.Y. 2012)...........................................................................2

Compagnie Financiere v. Merrill Lynch,
   232 F.3d 153 (2d Cir. 2000)..........................................................................................3

Constellation Energy Commodities Grp. Inc. v. Transfield ER Cape Ltd.,
   801 F. Supp. 2d 211 (S.D.N.Y. 2011)...........................................................................9

Defries v. Union Pacific Railroad Co.,
   104 F.4th 1091 (9th Cir. 2024) .....................................................................................2

Doe v. Pataki,
   481 F.3d 69 (2d Cir. 2007)............................................................................................3

Friedland v. City of N.Y.,
   24 Civ. 7064 (S.D.N.Y.). ..............................................................................................2

Inc. v. Resh,
   584 U.S. 743 (2018).......................................................................................................6

Malik v. City of N.Y.,
   841 F. App'x 281 (2d Cir. 2021) ........................................................................6, 7, 10

Moffitt v. Town of Brookfield,
   950 F.2d 880 (2d Cir. 1991)........................................................................................11

Packard v. City of N.Y.,
   No. 15 Civ. 7130 (AT) (SDA) 2019 U.S. Dist. LEXIS 65501, 2019 WL
   1714669 (S.D.N.Y. Apr. 16, 2019)...............................................................................4

Packard v. City of N.Y.,
   No. 15 Civ. 07130 (AT) (SDA), 2019 U.S. Dist. LEXIS 38791, 2019 WL
   2493515 (S.D.N.Y. Mar. 8, 2019) ................................................................................4

Payne v. De Blasio,
    20 Civ. 8924 (CM) (S.D.N.Y. 2022) ...................................................................................11

Peoples v. Annuci,
    No. 11 Civ. 2694 (ALC), 2021 U.S. Dist. LEXIS 60909, 2021 WL 9566945
    (S.D.N.Y. Mar. 30, 2021) ..................................................................................................3

In re Petrobras Sec. Litig.,
    862 F.3d 250 (2d Cir. 2017) ..............................................................................................4

In re Policing,
    548 F. Supp. 3d 402 (S.D.N.Y. 2021) ...........................................................................9, 11

Sawtell v. E.I. du Pont de Nemours and Co., Inc.,
    22 F.3d 248 (10th Cir. 1994) .............................................................................................2

Sierra, et al., v. City of New York, et al.,
    No. 20 Civ. 10291 (CM), 2024 US Dist. LEXIS 38444, 2024 WL 947530
    (S.D.N.Y. Mar. 5, 2024) ................................................................................................8, 11

Smith v. Pennington,
    352 F.3d 884 (4th Cir. 2003) .............................................................................................2

Sow, et al., v. City of New York, et. al.,
    21 Civ. 533 (CM) (GWG) (S.D.N.Y.) ...............................................................................1

## Statutes

Fed. R. Civ. P. 12(b)(6) ............................................................................................................12

Fed. R. Civ. P. 23(b)(3) ..............................................................................................................4

Local Rule 7.1 ..........................................................................................................................12

## Other Authorities

A. Scalia, A Matter of Interpretation 37 (1997) ........................................................................3

**PRELIMINARY STATEMENT**

Plaintiffs' Opposition relies on an overly inclusive reading of the proposed class in <u>Sow, et al. v. City of New York, et al.</u>, 21-CV-533 (CM) (GWG) (S.D.N.Y.). Nevertheless, their arguments fail because they are only supported by out-of-circuit jurisprudence and ignore the rest of the <u>Sow</u> First Amended Complaint ("<u>Sow</u> FAC"), which plainly does not encompass their instant claims. Plaintiffs were not members of the <u>Sow</u> proposed class and, thus, cannot avail themselves of the tolling offered under <u>American Pipe & Construction Co. v. Utah</u>, 414 U.S. 538 (1974) to save their time-barred claims. Furthermore, they withdrew their claims against two individual Defendants, and the third, former Mayor Bill de Blasio, had no personal involvement in the incidents alleged. Finally, the municipal liability claim is predicated on expired claims. Accordingly, the Second Amended Complaint ("SAC") should be dismissed in its entirety, with prejudice.

**ARGUMENT**

**POINT I**

**PLAINTIFFS FAILS TO SAVE THEIR TIME-BARRED CLAIMS**

A.   **The "Arguably" Standard is Inapplicable.[1]**

The foundational premise of Plaintiffs' *entire* Opposition is that, because they were "arguably" members of the <u>Sow</u> putative class, they are entitled to <u>American Pipe</u> tolling. See Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss, dated November 13, 2025, ECF No. 36 ("Pls. Opp.") at 12-13. Fatally, the "arguably" standard on which Plaintiffs

---

[1] Defendants do not agree, despite Plaintiffs' assertion otherwise, "that if Plaintiffs were arguably members of the <u>Sow</u> Proposed Class, they receive tolling." See Pls. Opp. at 7. The "arguably" standard, discussed *infra*, is inapplicable here.

rely derives from out-of-circuit caselaw, which is neither controlling nor persuasive. Moreover, Plaintiffs offer no reason the Court should apply this standard here.

Plaintiffs cite Defries v. Union Pacific Railroad Company, 104 F.4th 1091, 1099 (9th Cir. 2024) for the "arguably" standard, however, this has not been adopted by the Second Circuit, nor have Plaintiffs explained how it is consistent with Second Circuit jurisprudence. Even if it were persuasive, Defries "is inapposite for several reasons." See Friedland v. City of N.Y., 24 Civ. 7064 (DLC), September 25, 2025 Opinion and Order filed at ECF No. 43 ("Friedland") at 13. "The parties in Defries agreed that the plaintiff qualified as a putative class member under the class definition in the original complaint but disputed whether he was included or excluded in the narrowed class that was later certified." Id. Defries is therefore distinguishable because it "did not address whether American Pipe tolling had begun, but instead addressed when it should end." Id.

Similarly, regarding whether tolling applies to "arguable" putative class members where the class-certification motion significantly narrowed the proposed class definition, Plaintiffs cite out-of-circuit caselaw from the Fourth and Tenth Circuits. See Pls. Opp. at 12 (citing Smith v. Pennington, 352 F.3d 884, 894 (4th Cir. 2003) and Sawtell v. E.I. du Pont de Nemours and Co., Inc., 22 F.3d 248, 254 (10th Cir. 1994)). Both Pennington and Sawtell, however, support Defendants' position that Plaintiffs cannot rely on American Pipe tolling based on the ambiguous nature of the proposed Sow class definition. Instead, these cases suggest that the narrowed definition of the Sow certified class should be the asserted class for tolling purposes, which necessarily excludes Plaintiffs. See Choquette v. City of N.Y., 839 F. Supp. 2d 692, 700-701 (S.D.N.Y. 2012) (analyzing Pennington and Sawtell). Choquette, discussing Pennington, noted that when it was unclear whether an original complaint encompassed claims plaintiffs later seek

2

to toll, "the filing of the class certification motion" with a more narrowed definition clarified "that th[o]se plaintiffs were not in fact members of the asserted class." Id. at 700.

Second, Plaintiffs argue that the general principles of contract interpretation should be applied to analyze the proposed class membership. See Pls. Opp. at 13. But the Sow proposed class definition does not exist in a vacuum, and the context of the entire Sow FAC must be considered. "'In textual interpretation, context is everything.'" Biden v. Nebraska, 600 U.S. 477, 511 (2023) (quoting A. Scalia, A Matter of Interpretation 37 (1997)). Plaintiffs also cite Doe v. Pataki, 481 F.3d 69, 75 (2d Cir. 2007) and Peoples v. Annuci, 11 Civ. 2694 (ALC), 2021 U.S. Dist. LEXIS 60909, at *6 (S.D.N.Y. Mar. 30, 2021) in support of their position. See Pls. Opp. at 13. However, Peoples and Doe concern a settlement agreement and a consent decree, respectively. See Peoples, 2021 U.S. Dist. LEXIS 60909, at *6; Doe, 481 F.3d at 75. Regardless, contract interpretation regarding the parties' intent is only appropriate where the drafted language at issue is a reflection of an agreement reached between *both* parties — here, the Sow proposed class reflects only the intent of Plaintiffs' counsel. Indeed, Plaintiffs' cited case, Compagnie Financiere v. Merrill Lynch, supports the argument that contract interpretation is inappropriate here: "the primary objective of a court in interpreting a contract is to give effect to the *intent of the parties* as revealed by the language *of their agreement*." 232 F.3d 153, 157 (2d Cir. 2000); see Pls. Opp. at 13. Indeed, Plaintiffs admit there was no agreement between the parties as to the proposed class definition because Plaintiffs assert that "the party's intent that matters is the drafter, counsel herein (the same counsel in Sow) can and do clarify the proposed class was intended to include force-only claims." Pls. Opp. at 13. This argument contradicts the well-established principles of contract interpretation detailed above. Notably, Plaintiffs suggest that where, as here, Plaintiffs' counsel later claims they "intended" their pleadings to encompass a claim or an entire class of people, the Court should

3

simply take their word for it regardless of the prejudice to Defendants and/or whether there was fair notice. Thus, because Defendants were not involved in its drafting, Defendants must rely on the context and textual interpretation of the Sow FAC proposed class definition on the face of that pleading to assess whether Plaintiffs here were members in Sow. Using that interpretation, Plaintiffs were not.

**B.    Plaintiffs' Reading of the Sow Proposed Class is Overbroad.**

Even considering the inapplicable, out-of-circuit caselaw as the basis for their argument, Plaintiffs' convoluted reading of the Sow proposed class definition is vastly overbroad.

Plaintiffs' claim that "classes over police conduct without reference to specific dates—and instead with reference to policies—are certified." Pls. Opp. at 18. The cases Plaintiffs cite to in support are inapposite because the proposed classes in those cases related to specific, articulable policies, whereas the Sow FAC alleged a catchall myriad of ambiguous "policies" that lacked any point of reference to sufficiently put Defendants on notice that Plaintiffs' instant claims were included. See Pls. Opp. at 18-19, n.10 (collecting cases).

Applying Plaintiffs' re-construction of the Sow proposed class definition results in a class too broad to ever be certified. Such a wide range of potential claims would never pass the predominance requirement of Rule 23(b)(3), because the questions affecting only individual members would likely predominate the questions of law or fact common to the class. See In re Petrobras Sec. Litig., 862 F.3d 250, 260 (2d Cir. 2017). Notably, in Packard v. City of New York, the court recommended denial of the plaintiffs' class certification motion, citing concerns over the breadth of the class where plaintiffs sought to represent a group of individuals arrested across merely *three* days in multiple locations. No. 15 Civ. 07130 (SHS) (SDA), 2019 U.S. Dist. LEXIS 38791, at *5, *23 (S.D.N.Y. Mar. 8, 2019) (recommendation adopted and certification denied by Packard v. City of N.Y., 2019 U.S. Dist. LEXIS 65501, at *10 (S.D.N.Y. Apr. 16, 2019)). The

4

Sow proposed class under Plaintiffs' broad interpretation is even more concerning—spanning more than *six months* in Clause A of the definition and with no end date in Clause B. Sow FAC ¶ 510.[2]

Plaintiffs take issue with Defendants' reliance on Camotex, where it was found that "there was no possible way to determine who was a class member" because the proposed class was "so amorphous as to make it impossible to 'limit potential class members.'" Pls. Opp. at 19 (quoting Camotex, S.R.L. v. Hunt, 741 F. Supp. 1086, 1091 (S.D.N.Y. 1990)). However, Plaintiffs' argument that inclusion in Clause A merely required someone to be "at" or in "perceived" proximity to a protest results in a class undoubtedly too broad to certify. Pls. Opp. at 14, 16. Even the addition of the requirement that someone be "targeted" for their First Amendment protected rights suggests that there are *no* limitations on which First Amendment protected activities are at issue in Sow. Pls. Opp. at 13, 14. This is the exact kind of "amorphous" definition that Camotex rejected. Indeed, given the breadth of rights protected by the First Amendment, Plaintiffs' interpretation would render the potential number of class members immeasurable. What amounts to "targeting" was left vague – indeed, the list of applicable conduct is explicitly "non-exhaustive." Pls. Opp. at 20, n.8; Sow FAC ¶ 510. Moreover, the Sow proposed class definition does not specify *who* is doing the targeting. Taking this to its natural extension, if Plaintiffs' contentions are true, then *any* action "targeting" a First Amendment protected activity *anywhere* in New York City at the same time as a protest related to police misconduct and reform would fall within the Sow proposed class. This would allow, for example, an individual arrested while marching in support of police in Brooklyn in September of 2020 during the same time as a protest in opposition to

---

[2] Evidenced by the fact the Sow class-certification motion significantly narrowed the class definition.

5

police misconduct to "arguably" fit into the proposed class definition; these individuals' interests were obviously not pursued by Sow.

Accordingly, the Court should reject Plaintiffs' self-serving re-construction of the Sow proposed class.

## POINT II

## PLAINTIFFS WERE NOT MEMBERS OF THE SOW PROPOSED CLASS

Plaintiffs could not have reasonably relied on Sow to protect their interests because they were not targeted for First Amendment Activity, not subject to custodial arrests, and/or not arrested at locations/dates referenced in Sow. See Friedland at 8 (quoting China Agritech, Inc. v. Resh, 584 U.S. 743, 743 (2018) (observing that the American Pipe tolling doctrine "is to preserve the rights of plaintiffs who 'reasonably relied on the class representative, who sued timely, to protect their interests [ . . .].'").

**A.   Sow Required an Individual to Have Been "Targeted" for Engaging in Protected Activity.**

To begin, Plaintiffs assert that Defendants: (1) "seemingly conced[e] that all other Plaintiffs meet th[e] definition" of arrested or assaulted" except for Plaintiffs Djordevic and Sam.[3] Pls. Opp. at 14, 15. However, Plaintiffs provide no citation for Defendants' alleged concession from Defendants' Memorandum of Law In Support of Defendants' Motion to Dismiss the Second Amended Complaint ("Defs. MTD"). ECF No. 34. To be clear, Defendants do not concede that every plaintiff in both Sow or the instant case was arrested or assaulted. Any arguments regarding whether the other Plaintiffs were assaulted or arrested not made in Pls. Opp. is, therefore, waived.

---

[3] Additionally, Plaintiffs' reference a nondescript "deletion of video" in relation to Defendants' alleged concession. Pls. Opp. at 14. Defendants are unaware of what video deletion Plaintiffs allege, as the parties have not exchanged discovery. Thus, Defendants cannot properly respond to this contention and must decline Plaintiffs' seeming approval of Defendants' wise move.

6

See Malik v. City of N.Y., 841 F. App'x 281, 284 (2d Cir. 2021) ("[W]hen a party fails adequately to present arguments in a brief, a court may properly" consider those arguments abandoned.") (internal citations and quotation marks omitted).

As to Plaintiffs Djordevic and Sam, they essentially argue that because they were at protests when they were arrested for violating the valid curfew orders in effect, this means they satisfy the "'First Amendment' piece" of the Sow proposed class definition. Pls. Opp. at 14. Plaintiffs' argument conveniently ignores that the "First Amendment piece" of the Sow proposed class definition required an individual to have been *targeted* for engaging in protected First Amendment activity. It is unclear how being arrested for admittedly violating the law amounts to being targeted for engaging in protected First Amendment activity. Furthermore, Plaintiffs do not address Defendants' argument that police had probable cause to arrest Plaintiffs Sam and Djordevic for violating curfew, and any contention to the contrary is waived. See Malik, 841 F. App'x at 284; Defs. MTD at 11-12. Accordingly, neither could have been members of the Sow putative class.

**B.     Membership to the Sow Proposed Class Required Custodial Arrest.**

Plaintiffs argue that individuals who were subject only to force, Plaintiffs Lillevoy and Burns, were proposed Sow class members under Clause A. Pls. Opp. at 14-15. This argument fails. First, it misstates what the Sow proposed class definition actually says, claiming that it incorporated stand-alone force claims because the definition "separates each . . . [kind of conduct] with an independent, disjunctive 'and/or.'" Id. (citations omitted). However, Clause A of the Sow FAC proposed class definition did not include "and/or" before "subject to excessive force," but did include "and/or" before each of the other types of conduct. Sow FAC ¶ 510. Thus, force claims were never intended to serve as a stand-alone basis for inclusion.

7

Additionally, Plaintiffs' citations to the Sow paragraphs relating only to force ignore that these factual allegations were made in the context of force used during the named class representatives' arrests. See Pls. Opp. at 9-10. While some paragraphs do not reference arrests explicitly, arrests were a necessary pre-condition to the force described, thus supporting the Defendants' position that, to have been a Sow putative class member, an individual must have been, at minimum, arrested. Compare id., with Sow FAC ¶¶ 129-420. Relatedly, Plaintiffs misconstrue Defendants' point regarding the Sow named plaintiffs. See Pls. Opp at 10-11. As made clear in Defendants' moving papers, it cannot be avoided that the explicitly named plaintiffs *who brought claims on behalf of similarly situated individuals* were, at least, arrested. Barbara Ross, a named plaintiff who only made force allegations, was not included in the list of class representatives in the Sow FAC. See Sow FAC ¶ 510 (excluding Ross). It follows that force-only claims were not intended to be encompassed by Sow. Indeed, "[b]oth [Clauses] of the Sow class definition relate to arrests and detentions during protests against police misconduct." See Friedland at 9; see also Sow FAC ¶ 514.

Finally, Plaintiffs mischaracterize the decision in Sierra, et al., v. City of New York, et al., which does not support their arguments. See Pls. Opp. at 15 (citing 20 Civ. 10291 (CM) (GWG), 2024 US Dist. LEXIS 38444, at *2-3 (S.D.N.Y. Mar. 5, 2024)). There, the issue was not whether the certified Sierra class encompassed force claims absent an arrest as Plaintiffs suggest—rather, the court examined whether the term "force" should be interpreted under principles of contract interpretation to include claims of indirect force for settlement purposes where the disputed language had been previously *agreed to by the parties*. See Sierra, 2024 US Dist. LEXIS 38444, at *3, *6-*7. Here, the relevant inquiry is whether Defendants could have been on notice that Sow sought to pursue force-only claims on behalf of the class. Plainly, Defendants were not.

Accordingly, Plaintiffs Lillevoy and Burns are not members of the proposed class and not entitled to American Pipe tolling.

C. **Sow Encompassed Claims Arising Out of Specific Protests, on Specific Dates.**

Plaintiffs contend that every Plaintiff was in the Sow proposed class because each one participated in or was *perceived* to be participating in a protest march "in opposition to police misconduct and in support of police reform." Pls. Opp at 16. However, Plaintiffs Djordevic, Sam, Amparo, Seieroe, Spaulding, Mbaye, and Azanedo were not arrested at locations or at protests referenced in the Sow pleadings to have placed Defendants on notice that their claims could have been encompassed by Sow. "Simply put, Sow did not toll the statute of limitations for every arrest occurring on the same day as a BLM protest." Friedland at 14.

Plaintiffs argue that Defendants' contentions regarding Schedule A are "wrong," and that the Sow FAC and the pleadings here include the entirety of every pleading of every action consolidated under In Re: New York City Policing During Summer 2020 Demonstrations, 20 Civ. 08924 (CM) (GWG) (S.D.N.Y.) ("In Re: 2020 Demonstrations") so that the allegations regarding the arrest locations of Plaintiffs Djordevic, Sam, Amparo, Seieroe, Spaulding, Mbaye, and Azanedo are incorporated "by reference." See Pls. Opp. at n.4, 24. However, "[a] pleading may not adopt other pleadings from a wholly separate action." See Constellation Energy Commodities Grp. Inc. v. Transfield ER Cape Ltd., 801 F. Supp. 2d 211, 223 (S.D.N.Y. 2011) (citation omitted) (noting that no rule permits the adoption of statements from a pleading in a separate case). Next, Plaintiffs' assertion that the court in In Re: 2020 Demonstrations "confirmed" the period/dates of the Sow putative class lacks nuance. See Pls. Opp. at 14-15. The court order Plaintiffs reference simply required discovery productions for the Sow putative class members within the total date range identified in Schedule A. In Re: 2020 Demonstrations, ECF No. 663. It in no way purports

9

to make a definitive determination regarding which dates in all the consolidated actions were encompassed by the Sow proposed class definition. Plaintiffs fail to address Defendants' substantive arguments regarding Schedule A and, as such, Plaintiffs' opposition to these arguments is waived. See Malik, 841 F. App'x at 284.

Finally, Plaintiffs' arguments as to Plaintiff Azanedo are unconvincing. See Pl. Opp. at 13-14. Defendants could not have had *notice* that claims arising out of protests regarding "Black Trans Liberation"[4] would be part of Sow, because Sow concerned the BLM/George Floyd protests.

The Sow FAC mentioned a set of fourteen specific protests occurring on specific dates, and Plaintiffs Djordevic, Sam, Amparo, Seieroe, Spaulding, Mbaye, and Azanedo were not arrested at any of them. They cannot claim they were proposed class members entitled to American Pipe tolling.

## POINT III

### PLAINTIFFS' CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS SHOULD BE DISMISSED

As an initial matter, Plaintiffs withdrew their claims against Defendants Shea and Monahan, and the Court should dismiss all claims against both, with prejudice. See Pls. Opp. at 21. Further, Plaintiffs' Opposition is silent as to Defendants' argument regarding the official capacity claims asserted against all three individual Defendants, including Defendant de Blasio. Accordingly, Plaintiffs have abandoned those claims, and the Court should dismiss them with prejudice. Malik, 841 F. App'x at 284.

---

[4] For example, the first result in an internet search of the term "Black Trans Liberation" links to the webpage of an organization of that same name based in New York City, "whose mission is to end homelessness and food insecurity within the trans population." See *Mission*, Black Trans Liberation, *available at* https://www.blacktransliberation.com/mission (last visited Nov. 24, 2025).

10

Next, Plaintiffs' Opposition relies on a misconstruction of a decision issued in In Re: 2020 Demonstrations to argue for the survival of the claims against Defendant de Blasio. See Pls. Opp. at 24. Judge McMahon's decision in In Re: 2020 Demonstrations relied upon the pleadings in the separate actions with which Sow was consolidated, which were found to have sufficiently alleged his personal involvement by way of approving "broad strategies" and some "specific choices" *specifically* at protests in Mott Haven, Bronx. See In Re: 2020 Demonstrations, 548 F. Supp. 3d at 402 (*"The Attorney General and the Payne, Wood, and Sierra plaintiffs* have also stated a claim against Mayor de Blasio" regarding certain protests). That decision is not instructive here because no Plaintiff claims they attended the Mott Haven protests that were at issue. As Plaintiffs have not properly alleged that de Blasio was personally involved in any alleged constitutional deprivation as to them, he cannot be liable. See Moffitt v. Town of Brookfield, 950 F.2d 880, 886 (2d Cir. 1991). Accordingly, all of Plaintiffs' claims regarding Defendant de Blasio should be dismissed.

## POINT IV

## PLAINTIFFS' MONELL CLAIMS FAIL

Regardless of whether any claims were to proceed against any individual Defendants, Plaintiffs' Monell claims are predicated on time-barred acts and should be dismissed on this basis alone. See Pls. Opp. at 21. While courts *may* permit Monell claims to proceed without individual defendants, Plaintiffs' cited cases are distinguishable from the instant case. See id. at 22 (collecting cases). Similarly, the In Re: 2020 Demonstrations decision regarding Monell is inapplicable here because Plaintiffs' claims are time-barred. Id. at 22-23. Moreover, Plaintiffs concede that the Monell claims are timely only if the statute of limitations against the City were tolled by Sow. See id. at 23. Even if Plaintiffs' claims were not time-barred, Plaintiffs' Monell claims fail because they do not state an underlying constitutional violation. This is a prerequisite to impose municipal liability. Accordingly, Plaintiffs' Monell claims fail and should be dismissed with prejudice.

11

## CONCLUSION

For the foregoing reasons, and those articulated in their initial memorandum of law, Defendants respectfully request that this Court grant their motion, pursuant to Rule 12(b)(6), and dismiss the Second Amended Complaint in its entirety, with prejudice, and for such other and further relief as the Court deems proper and just. [5]

Dated: New York, New York
December 5, 2025

        **MURIEL GOODE-TRUFANT**
        Corporation Counsel of the City of New York
        *Attorneys for Defendants*
        100 Church Street
        New York, New York 10007
        (212) 356-3541/2547

By:   /s/ *Yini Zhang*
       Yini Zhang
       *Senior Counsel*
       Zoe Reszytniak
       *Assistant Corporation Counsel*
       Special Federal Litigation Division

CC:  **VIA ECF**
     *Counsel of Record*

---

[5] **Word Count Certification**
In accordance with Rule 7.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, I hereby certify that the total number of words in the foregoing Memorandum of Law, inclusive of point headings and footnotes, is 3,499. I have relied on the word count function of Microsoft Word to prepare this certification.