25 Civ. 01999 (GHW) (RFT)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANET BURNS, EMILY SEIEROE, RADMILA DJORDJEVIC, IBRAHIMA MBAYE, HANK LILLEVOY, DAI'JA SPAULDING, CHRISTOPHER AMPARO, AMINATA SAM, AND SHAMEELY AZANEDO,

Plaintiffs,

-against-

CITY OF NEW YORK, FORMER MAYOR BILL DE BLASIO, FORMER NEW YORK CITY POLICE DEPARTMENT COMMISSIONER DERMOT SHEA, and FORMER NEW YORK CITY POLICE DEPARTMENT CHIEF OF DEPARTMENT TERENCE MONAHAN,

Defendants.

**DEFENDANTS' PARTIAL OBJECTIONS TO THE JULY 23, 2026 REPORT AND RECOMMENDATION**

***STEVEN BANKS***
*Corporation Counsel of the City of New York*
*Attorneys for Defendants*
*100 Church Street, 3rd Floor*
*New York, New York 10007*
*By: Zoe Reszytniak*
*Tel: (212) 356-2547*

# TABLE OF CONTENTS


TABLE OF AUTHORITIES ........ ii

PRELIMINARY STATEMENT AND PROCEDURAL HISTORY ........ 1

STANDARD OF REVIEW ........ 1

ARGUMENT ........ 2

POINT I

PLAINTIFFS DJORDEVIC AND SAM WERE ARRESTED FOR VIOLATING THE APPLICABLE CURFEW ORDER ........ 2

POINT II

PLAINTIFF AZANEDO WAS NOT ARRESTED AT A PROTEST CONCERNING POLICE MISCONDUCT AND/OR REFORM ........ 5

CONCLUSION ........ 6

# TABLE OF AUTHORITIES

**Cases**

American Pipe & Construction Co. v. Utah, 414 U.S. 538 (1974) ... 1

Friedland v. City of New York, No. 24-CV-7064 (DLC)
2025 WL 2733359 (S.D.N.Y. Sept. 25, 2025) ... 3, 4

In re New York City Policing During Summer 2020 Demonstrations,
548 F. Supp. 3d 383, 408 (S.D.N.Y. July 9, 2021) ... 4, 5

Nelson v. Smith, 618 F. Supp. 1186, 1190 (S.D.N.Y. 1985) ... 2

Olukayode, et al., v. City of New York, et al.,
837 F. Supp. 3d 510 (S.D.N.Y. June 9, 2026) ... 4, 6, 7

Sow v. City of New York, et al.,
No. 21 Civ. 00533, ECF No. 4 (S.D.N.Y. March 5, 2021) ... 6

**Statutes**

28 U.S.C. §636(b)(1) ... 1, 2

Fed. R. Civ. P. 72(b) ... 2

## PRELIMINARY STATEMENT AND PROCEDURAL HISTORY

Defendants object in part to the July 23, 2026 Report and Recommendation from the Honorable Robyn F. Tarnofsky, on the grounds that it incorrectly recommended the survival of Plaintiffs Sam, Djordevic and Azanedos' claims against the City. By way of brief background, on October 2, 2025, Defendants moved to dismiss the Second Amended Complaint in its entirety (hereinafter "Defendants' Motion"). (See ECF No. 34). On July 23, 2026, Judge Tarnovsky issued a Report and Recommendation (hereinafter "R&R") recommending that the Court: grant Defendants' Motion to dismiss as to all claims asserted by Plaintiffs Burns and Lillevoy, and all claims asserted against the individual Defendants; and deny Defendants' Motion as to Plaintiffs Seieroe, Djordjevic, Mbaye, Spaulding, Amparo, Sam, and Azanedos' claims against the City. (See ECF No. 42).

Plaintiffs Sam, Djordevic and Azanedos' claims should be dismissed because allowing them to proceed would constitute the type of "unfair surprise" the American Pipe Court cautioned against. See generally American Pipe & Construction Co. v. Utah, 414 U.S. 538 (1974). Plaintiffs Djordevic, Sam and Azanedos' claims do not fall within the ambit of the Sow proposed class so as to be entitled to American Pipe tolling and their claims should be dismissed as time-barred because (i) Plaintiffs Djordevic and Sam were not arrested because of their participation in a First Amendment protected activity; and Plaintiff Azanedo was not arrested at a protest "in opposition to police misconduct and in support of police reform."

## STANDARD OF REVIEW

In evaluating a Magistrate Judge's recommended disposition with respect to a pretrial matter that is dispositive of a claim or defense of a party, a district court shall, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure and the Federal Magistrates Act, 28 U.S.C. 636(b)(1), review the recommendation *de novo*. Rule 72(b)(3) instructs the district judge to "determine *de*

*novo* any part of the magistrate judge's disposition that has been properly objected to." Id.; see also 28 U.S.C. §636(b)(1)(C); Nelson v. Smith, 618 F. Supp. 1186, 1190 (S.D.N.Y. 1985). The district judge's review may be based on the entire record. See Fed. R. Civ. P. 72(b). Further, Rule 72 states that the "the district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## ARGUMENT

### POINT I

### PLAINTIFFS DJORDEVIC AND SAM WERE ARRESTED FOR VIOLATING THE APPLICABLE CURFEW ORDER

In permitting the survival of, *inter alia*, Plaintiffs Djordjevic and Sams' claims, the R&R reasoned that because they were "arrested without fair warning and a chance to disperse following their participation in protests in support of police reform and against police misconduct, they fall within the Sow Putative Class." (See R&R at 14). The R&R's rationale, however, does not appear to consider Defendants' argument that Plaintiffs Djordevic and Sam are not Sow putative class members because the basis of their arrests were curfew violations rather than their participation in their First Amendment protected activity. (See R&R at 13-14). This basis excludes them from the Sow putative class definition for the purposes of tolling their time-barred claims under American Pipe.

As alleged in the pleadings, Plaintiffs Djordevic and Sam were arrested when they were in violation of the curfew order in effect from 8:00 p.m. to 5:00 a.m. between June 1, 2020 to June 8, 2020, which prohibited any individuals except essential workers from being in public. (See; Defendants' Motion, ECF No. 24 at 17-18). The enforcement of the curfew orders had nothing to do with any protected First Amendment activity, and Plaintiffs Djordevic and Sams' arrests cannot

be said to "follow their participation in protests" within the meaning of the Sow FAC putative class definition. As explained by the Honorable Denise L. Cote in holding that none of Friedland plaintiffs were putative Sow class members entitled to American Pipe tolling, the pleadings failed to "link the plaintiffs' arrests to their participation in any protest." See Friedland v. City of New York, No. 24-CV-7064 (DLC), 2025 WL 2733359, at *10-*11 (S.D.N.Y. Sept. 25, 2025).

Further, Plaintiffs Djordevic and Sam cannot rely on an alleged lack of any "fair warning" and/or the ability to disperse prior to their arrests to plausibly allege Monell liability because the curfew hours were broadly announced in the media and "[n]othing in the Constitution requires that police give a dispersal order once a curfew is in effect before arresting a violator for a curfew violation" and here, at the times they were allegedly stopped by police, they were in the commission of a misdemeanor by remaining in public despite the curfew order barring them from lawfully doing so. See In re New York City Policing During Summer 2020 Demonstrations, ("In Re 2020 Policing") 548 F. Supp. 3d 383, 408 (S.D.N.Y. July 9, 2021) (internal citation omitted)).

To allow the claims of Plaintiffs Djordevic and Sam to proceed would mean any individual who was arrested for admittedly violating the law incidentally "following their participation" or in the general vicinity of a protest would be a Sow putative class member entitled to American Pipe tolling. This construction of the Sow putative class is overbroad because, based on the pleadings, Defendants would not have been on notice that otherwise valid arrests merely occurring in close proximity (either in time and/or place) to one's participation in a protest were amongst the claims Sow sought to pursue. Ultimately, Plaintiffs Djordevic and Sams' arrests are "too attenuated" from the arrests directly related to protests and protest activity Sow sought to vindicate, See Olukayode, et al., v. City of New York, et al., No. 25 Civ. 01232 (PAE), 837 F. Supp. 3d 510

22-23 (S.D.N.Y. June 9, 2026). at 24 (citing Friedland, 2025 WL 2733359, at *5 (observing that Sow did not toll statute of limitations for claims arising from arrests too attenuated from BLM protests)).

The R&R notes, in line with the observations of the Olukayode court, that simply being arrested at a protest location not referenced in the Sow pleadings *on its own* is an insufficient basis to preclude a plaintiff's inclusion in the putative class definition for the purposes of tolling. (See R&R at 13-14). However, when considering that Plaintiffs Sam and Djordevics' arrests were, as a threshold matter, unrelated to their participation in a protest but rather based on their admitted violation of the curfew orders and supported by probable cause, it is evident that Defendants could not have been on notice that such a specific subset of claims would be pursued years later, especially where the Monell claims that survived dismissal in the In Re 2020 Policing consolidated actions were based upon an alleged "custom or practice of the unwarranted use of kettling in order to effect the mass arrests of peaceful protesters who were literally prevented from complying with the Mayor's curfew order." See In Re 2020 Policing, 548 F. Supp. 3d at 402. Here, Plaintiffs Djordevic and Sams' Monell claims, do not allege that police prevented their ability to comply with the curfew order prior to 8:00 p.m. on June 2 and June 5, 2020. At the time police allegedly prevented them from leaving and/or began to place them under arrest, they were already in violation of the order by being in public and arguably forewent their ability to comply by choosing to remain in public past 8:00 p.m. onward.

Accordingly, the Court should reject the R&R to the extent it recommends the survival of Plaintiffs Djordevic and Sams' claims, because they were not arrested for their participation in any protests and this forecloses their inclusion in the Sow putative class and any entitlement to American Pipe tolling.

## POINT II

## PLAINTIFF AZANEDO WAS NOT ARRESTED AT A PROTEST CONCERNING POLICE MISCONDUCT AND/OR REFORM

While the R&R indicated it rejected Defendants' argument regarding the location of Plaintiff Azanedo's arrest, it did not appear to consider Defendants' argument that her arrest did not occur at a protest "in opposition to police misconduct and in support of police reform" within the meaning contemplated by the class definition stated in the Sow First Amended Complaint. (See R&R at 13-14); Sow v. City of New York, et al., No. 21 Civ. 00533, First Amended Complaint, dated March 5, 2021 (hereinafter "Sow FAC"), ECF No. 4, at ¶510.

Specifically, Plaintiff Azanedo alleges she was arrested while attending a "Black Trans Liberation Protest" at Stonewall. See Defs' Mot. at 19-20. As detailed in Defendants' Motion, though Black Trans Liberation may bear some connection to grievances regarding policing and/or advance messaging regarding police reform, any such relation is too attenuated for Plaintiff Azanedo to be considered a putative Sow class member entitled to the tolling provisions of American Pipe. In analyzing and relying upon the decision issued by the Honorable Paul A. Engelmayer in Olukayode, the R&R incorrectly observed that the court there "dismissed as time barred the claims of all the plaintiffs who had not been arrested, but [ ] declined to dismiss the claims of any plaintiff who had been arrested." (See R&R at 8). Indeed, and pertinent here, when confronted the question of whether claims of an Olukayode plaintiff who was arrested at a protest regarding federal Immigrations and Customs Enforcement ("ICE"), the court held these claims were not entitled to American Pipe tolling and dismissed them as time barred. See Olukayode, ECF No. 37 at 22-23. Olukayode reasoned "that the putative class [in Sow] covered all protests in New York City 'in opposition to police misconduct and in support of police reform' during the

specified period, but the protest [that plaintiff] participated in was against ICE, not the police [ . . .] [a]nd nothing in the Sow FAC would have alerted defendants that 'police,' as used there, was meant to encompass federal immigration officers[.]" See id. at 23. Similarly, here, Defendants lacked adequate notice that claims arising out of a protest concerning "Black Trans Liberation" would have been included in Sow, which "consistently" referenced "'2020 Black Lives Matter protests,' the 'George Floyd protests,' or similar formulations[,]" in the pleadings and made allegations "exclusively related to BLM protests sparked by the killing of George Floyd." See Olukayode, at 23 (citing Sow FAC ¶¶ 1–2, 12 & ¶¶ 111, 455, 520)). Here, the Sow FAC makes no reference to "Trans Liberation." See id.; see also Sow FAC. To allow Plaintiff Azanedo's claims to survive despite this would subject Defendants to "unfair surprise" in contravention of the objectives set forth in American Pipe. For these reasons, and the reasons detailed in Defendants' Motion, Plaintiff Azanedo was not and could not have been, a Sow putative class member.

Accordingly, the Court should reject the R&R as it pertains to Plaintiff Azandeo's claims and dismiss them in their entirety as time barred.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny the R&R's recommendation regarding the survival of Plaintiffs Djordevic, Sam and Azanedos' claims in their entirety, with prejudice, and for such other and further relief as the Court deems proper and just.

Dated: New York, New York
November 16, 2026

STEVEN BANKS
Corporation Counsel of the City of New York
*Attorney for Defendants*
New York, New York 10007
(212) 356-2547

By: /s/ Zoe Reszytniak[1]
Zoe Reszytniak
*Assistant Corporation Counsel*
Special Federal Litigation Division

**CC:** **VIA ECF**
Counsel of Record

[1] **Word Count Declaration**. In accordance with Rule 7.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, I hereby certify that the total number of words in the foregoing Memorandum of Law, inclusive of point headings and footnotes, is 1,838. I have relied on the word count function of Microsoft Word to prepare this certification.